**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

In re:                                            Chapter 11
                                                  Case No.: 21-11776 (MG)
Aguila, Inc.
                              Debtor.
------------------------------------------------------------X

### ORDER CONFIRMING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SECOND AMENDED PLAN OF LIQUIDATION

**WHEREAS**, Aguila, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 18, 2021 in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, on December 14, 2021, the Office of the United States Trustee ("U.S. Trustee"), pursuant to section 1102 of the Bankruptcy Code, appointed the Official Committee of Unsecured Creditors (the "Committee").  The Committee is currently comprised of the following members: (i) Parkview Hotel, LLC, (ii) Intrepid Group, LLC and (iii) 437 Morris Park, LLC. The Committee employed Cullen and Dykman LLP as its counsel and, by order dated March 8, 2022, the Bankruptcy Court authorized and approved the employment [ECF Doc. # 70].  The Committee employed Grassi & Co., CPAs, P.C. as its financial consultant and, by order dated April 6, 2022, the Bankruptcy Court authorized and approved the employment [ECF Doc. # 84]; and

**WHEREAS**, on May 19, 2022, the Committee filed *The Official Committee of Unsecured Creditors' Second Amended Plan of Liquidation* [ECF Doc. # 94] (as it may be further amended, modified, and supplemented, the "Plan"),[1] a copy of which is attached hereto as **Exhibit A**, and its proposed *Second Amended Disclosure Statement for the Official Committee of Unsecured*

---

[1]        Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Plan.

*Creditors' Second Amended Plan of Liquidation* [ECF Doc. # 97] (as it may be further amended, modified, and supplemented, the "Disclosure Statement"); and

WHEREAS, following a hearing held before the Bankruptcy Court on May 18, 2022 at 10:00 a.m. (the "Disclosure Statement Hearing"), by Order dated May 19, 2022 [ECF Doc. # 96] (the "Disclosure Statement Order") this Court, *inter alia*, (a) approved the Disclosure Statement pursuant to section 1125(b) of the Bankruptcy Code, (b) scheduled a hearing on confirmation of the Plan to occur on June 23, 2022 at 10:00 a.m. (the "Confirmation Hearing") pursuant to section 105(d) of the Bankruptcy Code, (c) established a record date for voting on the Plan, (d) approved the Solicitation Packages (as defined in the Disclosure Statement Order) and procedures for distribution thereof, (e) approved the form of ballot and established procedures for voting on the Plan, (f) approved the form of notice to non-voting classes, (g) set June 6, 2022 as the deadline to file and serve the Plan Supplement, (h) approved the form of notice of the Confirmation Hearing and set June 16, 2022 at 4:00 p.m. as the deadline to file objections to confirmation of the Plan ("Objections") and for receipt of ballots to accept or reject the Plan, and (i) set June 20, 2022 as the deadline to file a reply in support of confirmation of the Plan and in response to Objections, if any, and a certification of the Ballots received voting on the Plan; and

WHEREAS, as stated in the Certificate of Service filed with this Court on May 24, 2022 [ECF Doc. # 108] the Solicitation Packages have been served in accordance with the Disclosure Statement Order; and

WHEREAS, the Plan Supplement [ECF Doc. # 110] was filed with the Court on June 6, 2022 and served on the parties who received the Solicitation Packages as set forth in the Certificate of Service filed with this Court on June 7, 2022 [ECF Doc. # 111]; and

**WHEREAS**, the Certification of Ballots filed on June 20, 2022 [ECF Doc. # 114] (the "Ballot Certification"), attests to and certifies the method and results of the tabulation of votes to accept or reject the Plan; and

**WHEREAS**, on June 20, 2022, the Committee filed its: (i) *Memorandum of Law in Support of Confirmation of The Official Committee of Unsecured Creditors' Second Amended Plan of Liquidation* [ECF Doc. # 115] (the "Confirmation Brief"); and

**WHEREAS**, the Confirmation Hearing was conducted on June 24, 2022, and the Ballot Certification, the Certificate of Service filed with this Court on May 23, 2022 [ECF Doc. # 108] addressing service of the Solicitation Packages, the Plan Supplement and the related Certificate of Service [ECF Doc. # 111], any declarations submitted in support of confirmation of the Plan and all exhibits to the Confirmation Brief and any pleading filed in the Chapter 11 Case that are cited or referenced therein were admitted into evidence on the record at the Confirmation Hearing, and after hearing the arguments of counsel and of any entity objecting to the Plan and after presentation of any evidentiary testimony required; and upon this evidence and the record of the Confirmation Hearing; and due deliberation having been had, and sufficient cause appearing therefor; and

This Court having determined and found, after notice and a hearing, that:

A.      Jurisdiction and Venue.  Pursuant to 28 U.S.C. §§157 and 1334, this Court has jurisdiction over the Chapter 11 Case and all contested matters and adversary proceedings therein or related thereto.  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(L) and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and the Bankruptcy

Court shall retain jurisdiction for all purposes under and in connection with the Plan, confirmation of the Plan and all disputes arising out of or relating to the confirmation and consummation of the Plan and under and in connection with all documents executed in furtherance of the Plan, including jurisdiction over the matters set forth in Article XII of the Plan.

B. <u>Notice and Service of Papers</u>. All persons, entities or governmental agencies entitled or required to receive notice have received due, proper and adequate notice of the Confirmation Hearing.

C. <u>Plan Supplement</u>. The Plan Supplement was filed as required by the Plan and Disclosure Statement Order. Notice of such documents was good and proper in accordance with the Bankruptcy Code, Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice shall be required.

D. <u>Voting</u>. Pursuant to section 1126(b) of the Bankruptcy Code, the solicitation of votes to accept or reject the Plan was in in good faith and in compliance with all applicable law, rules and regulations governing the adequacy of disclosure in connection with such solicitation, and such solicitation was conducted after disclosure of adequate information as defined in section 1125 of the Bankruptcy Code.

E. <u>Plan Compliance with 11 U.S.C. §1129</u>. All of the applicable requirements for confirmation set forth section 1129(a) of the Bankruptcy Code have been satisfied with respect to the Plan.

F. <u>Plan Compliance with Bankruptcy Code - 11 U.S.C.§1129(a)(1)</u>. The Plan complies with the applicable provisions of chapter 11 of the Bankruptcy Code, and therefore satisfies section 1129(a)(1) of the Bankruptcy Code.

1.      Proper Classification – 11 U.S.C. §1122 and 1123(a)(1). Article II of the Plan provides for the separate classification of Claims into two Classes, and the Claims in each such Class are substantially similar to the other Claims in each such Class. Valid business, factual and legal reasons exist for classifying separately the Classes of Claims under the Plan. Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

2.      Identification of Unimpaired Classes – 11 U.S.C. §1123(a)(2). Articles II and III of the Plan states that the unclassified Claims and Claims in Class 1 (Secured Claims) are Unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

3.      Treatment of Impaired Classes – 11 U.S.C. §1123(a)(3). Article II the Plan states that Class 2 (General Unsecured Claims) is Impaired under the Plan and specifies the treatment for such Class, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

4.      Equal Treatment – 11 U.S.C. §1123(a)(4). Articles II and III of the Plan specify the treatment of Claims in each Class and provide for the same treatment of each Claim contained within each particular Class unless the holder of a particular Claim has agreed to a less favorable treatment of such Claim, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

5.      Implementation of the Plan – 11 U.S.C. §1123(a)(5). The Plan and the Plan Supplement provide adequate and proper means for the Plan's implementation, thereby satisfying section 1123(a)(5) of the Bankruptcy Code. Among other things, Article IV of the Plan provides for the appointment of a Plan Administrator to oversee liquidation of the Debtor pursuant to the terms of the Plan and funding for expenses related to the winddown of the Debtor and Distributions required to be made under the Plan. The Plan will be primarily funded with the Debtor's Cash and collection of the Accounts Receivable, and may also be funded with Litigation Proceeds, if any, and the net proceeds from the liquidation and/or turnover of any

other assets of the Debtor.

6.    Charter of Debtor – 11 U.S.C. § 1123(a)(6).  The Debtor is a corporation but no equity securities are being issued pursuant to the Plan so section 1123(a)(6) of the Bankruptcy Code is not applicable.

7.    Selection of any Officers, Directors or Trustee – 11 U.S.C. §1123(a)(7). Art. VII.2 of the Plan provides for the appointment of a Plan Administrator.  The Plan Administrator Agreement included in the Plan Supplement identifies Lori Lapin Jones, Esq. of Lori Lapin Jones PLLC as the Plan Administrator (the "Plan Administrator").  Upon the Effective Date, the Plan Administrator shall be deemed the Post-Effective Date Estate's representative in accordance with section 1123 of the Bankruptcy Code and shall have all powers, authority and responsibilities specified under sections 704 and 1106 of the Bankruptcy Code.  The Court is satisfied that this appointment is consistent with the interests of creditors and with public policy and that the Plan satisfies section 1123(a)(7) of the Bankruptcy Code.

8.    Impairment of Claims and Equity Interests – 11 U.S.C. §1123(b)(1). Articles II and III of the Plan describe the treatment for all Impaired and Unimpaired Classes of Claims under the Plan as contemplated by section 1123(b)(1) of the Bankruptcy Code.

9.    Executory Contracts and Unexpired Leases – 11 U.S.C. §1123(b)(2). Article V of the Plan provides for the rejection of Executory Contracts and Unexpired Leases as authorized by section 1123(b)(2) of the Bankruptcy Code.  As a result of the liquidation of the Debtor, the Committee has exercised sound business judgment in determining that all Executory Contracts and Unexpired Leases should be rejected under the Plan.  The rejection of each of the Executory Contracts and Unexpired Leases under the Plan shall be legal, valid and binding upon the Debtor, the Post-Effective Date Estate and all non-debtor counterparties to such Executory

Contracts and Unexpired Leases, as of the Effective Date, as if such rejection had been authorized and effectuated pursuant to a separate order of the Bankruptcy Court that was entered pursuant to section 365 of the Bankruptcy Code.

10.    Additional Plan Provisions/Releases – 11 U.S.C. §1123(b)(6).  The provisions of the Plan are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b)(6) of the Bankruptcy Code.  The provisions relating to the Administrative Claims Bar Date and the deadline to file Claims for damages resulting from rejection of an Unexpired Lease or Executory Contract (the "Rejection Claim Bar Date") and the procedures for providing notice thereof as set forth in paragraphs 10–12 and 27 of this Confirmation Order are appropriate and not inconsistent with the Bankruptcy Code.  The release, injunction and exculpation provisions set forth in Article XI of the Plan, as implemented by this Confirmation Order, are fair and equitable, given for fair consideration and are in the best interests of all parties in interest in this Chapter 11 Case.  Based on the record of this Chapter 11 Case, the representations of the parties, and the evidence proffered, adduced and/or presented at the Confirmation Hearing, the Bankruptcy Court finds that the releases, injunction and exculpation provided for in Article XI of the Plan are appropriate and not inconsistent with the Bankruptcy Code.

G.    Committee's Compliance with Bankruptcy Code – 11 U.S.C. §1129(a)(2).  The Committee, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

1.    Solicitation.  The solicitation of acceptances of the Plan was in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Disclosure Statement Order, thereby satisfying section 1125 of the Bankruptcy Code.

2.    Ballot Tabulation.  The procedures by which the Ballots were distributed and tabulated were fair, properly conducted and complied with the Disclosure Statement Order, thereby satisfying section 1126 of the Bankruptcy Code.

H.    Plan Proposed in Good Faith – 11 U.S.C. §1129(a)(3).  The Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  The Committee's good faith is evident from the facts set forth in the Disclosure Statement and the record of the Confirmation Hearing and other proceedings held in this Chapter 11 Case.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Estate.

I.    Payment for Services or Costs and Expenses – 11 U.S.C. §1129(a)(4).  Any payment to be made for services or for costs and expenses incurred by the Committee in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, are subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Plan.

J.    Directors, Officers, Insiders – 11 U.S.C. §1129(a)(5).  The Plan contemplates and discloses that Lori Lapin Jones, Esq. of Lori Lapin Jones PLLC will be appointed Plan Administrator.  The Court is satisfied that such appointment is consistent with the interests of creditors and is consistent with public policy and therefore section 1129(a)(5)(A) of the Bankruptcy Code is satisfied. Lori Lapin Jones, Esq. is not an "insider" of the Debtor within the meaning of section 101(31) of the Bankruptcy Code and therefore, section 1129(a)(5)(B) is not applicable.

K.    No Rate Change Jurisdiction – 11 U.S.C. §1129(a)(6).  The Plan does not provide for any changes in any regulated rates and, therefore, section 1129(a)(6) of the Bankruptcy Code

is not applicable to the Chapter 11 Case.

   L. <u>Best Interests of Creditors – 11 U.S.C. §1129(a)(7)</u>.  The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  With respect to each Class designated by the Plan, each holder of a Claim in such Class has accepted the Plan, or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

   M. <u>Acceptance of the Plan – 11 U.S.C. §1129(a)(8)</u>.  Class 1 (Secured Claims) is Unimpaired under the Plan and is conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code.  Class 2 (General Unsecured Claims) is Impaired under the Plan and has voted to accept the Plan in accordance with the requirements of section 1126(c) of the Bankruptcy Code. Section 1129(a)(8) of the Bankruptcy Code has been satisfied with respect to each class of Claims.

   N. <u>Treatment of Administrative and Priority Claims – 11 U.S.C. §1129(a)(9)</u>.  The treatment under the Plan of Claims of the type specified in section 507 of the Bankruptcy Code complies with the provisions of section 1129(a)(9) of the Bankruptcy Code.

   O. <u>Acceptance by Impaired Class – 11 U.S.C. §1129(a)(10)</u>.  Class 2 (General Unsecured Claims) is Impaired under the Plan and has voted to accept the Plan, determined without including any acceptance of the Plan by any insider holding a Claim in such Class, thus satisfying section 1129(a)(10) of the Bankruptcy Code.

   P. <u>Feasibility – 11 U.S.C. §1129(a)(11)</u>.  The Plan provides for the liquidation of the Debtor's estate for the benefit of creditors that hold Claims against the Debtor.  The Committee has demonstrated that it will be able to satisfy the conditions precedent to the Effective Date and

the Debtor's most recent monthly operating report demonstrates that the Estate has sufficient funds to confirm the Plan and along with future collections has sufficient funds to pay for the projected costs of administering and fully consummating the Plan and closing the Chapter 11 Case. Accordingly, the Plan satisfies the financial feasibility requirement imposed by the Bankruptcy Code and the Bankruptcy Court finds that the Plan is feasible, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

Q. <u>Payment of Fees – 11 U.S.C. §1129(a)(12)</u>. Art. III.5 of the Plan provide for the payment of all fees incurred pursuant to section 1930 of title 28 and section 3717 of title 31 of the United States Code on or before the Effective Date and thereafter as may be required in compliance with section 1129(a)(12) of the Bankruptcy Code.

R. <u>Retiree Benefits – 11 U.S.C. §1129(a)(13)</u>. The Debtor has no obligation to provide any retiree benefits, and accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan.

S. <u>Inapplicable Provisions – 11 U.S.C. §1129(a)(14) and (a)(15)</u>. The Debtor is not required to pay a domestic support obligation and is not an individual, and therefore sections 1129(a)(14) and (a)(15) of the Bankruptcy Code, respectively, are inapplicable.

T. <u>Transfer of Assets – 11 U.S.C. §1129(a)(16)</u>. The liquidation of any remaining assets of the Debtor, Distributions to be made under the Plan and the transfer of any remaining Unclaimed Property to WIN (Women in Need, Inc.), or if not possible to another not-for-profit corporation providing services consistent with the Debtor's charitable mission or as ordered by the Bankruptcy Court, are in accordance with applicable nonbankruptcy law.

U. <u>Fair and Equitable; No Unfair Discrimination – 11 U.S.C. §1129(b)</u>. Section 1129(a)(8) of the Bankruptcy Code has been satisfied because each class of Claims has accepted

the Plan or is not Impaired under the Plan, and section 1129(b) of the Bankruptcy Code is therefore inapplicable.

V.     Only One Plan – 11 U.S.C. §1129(c).  The Plan is the only plan filed in this Chapter 11 Case and, accordingly, section 1129(c) of the Bankruptcy Code is inapplicable.

W.     Principal Purpose of Plan – 11 U.S.C. §1129(d).  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and the Plan therefore satisfies the requirements of section 1129(d) of the Bankruptcy Code.

X.     Objections. All Objections that have not been withdrawn are overruled.

**IT IS THEREFORE ORDERED THAT**:

1.     Findings of Fact and Conclusions of Law.  The findings set forth herein are hereby incorporated and shall be deemed to be an Order of this Court.  This Court's oral findings of fact and conclusions of law, if any, made at the Confirmation Hearing are further incorporated herein by reference.

2.     Confirmation of Plan.  The Plan, including the Plan Supplement, is hereby approved and confirmed pursuant to section 1129 of the Bankruptcy Code.  The Plan Administrator is hereby authorized to take all steps necessary to effectuate consummation of the Plan and the payments and Distributions set forth therein, all in conformity with the terms of the Plan, as modified by this Confirmation Order.

3.     Disposition of Objections.  All Objections that have not been withdrawn are denied and overruled in their entirety.

4.     Plan Supplement.  Entry of this Confirmation Order constitutes the approval of the Plan Administrator Agreement in the Plan Supplement and any amendments, modifications,

and supplements thereto, and the execution, delivery and performance thereof by the Committee and the Plan Administrator is authorized.

5.  <u>Binding Effect</u>.  The Plan and its provisions shall be binding upon the Debtor, any Person acquiring or receiving property or a distribution under the Plan, and any holder of a Claim against the Debtor, including all governmental entities (including without limitation all taxing authorities), whether or not the Claim is Impaired under the Plan, whether or not the Claim is Allowed, and whether or not such Claim Holder or Entity has accepted the Plan.  The rights, benefits and obligations of any Person named or referred to in the Plan, or whose actions may be required to effectuate the terms of the Plan, shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Person.  The terms and provisions of the Plan and this order shall survive and remain effective after entry of any order which may be entered closing the Chapter 11 Case, dismissing the Chapter 11 Case or converting the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code, and the terms and provisions of the Plan shall continue to be effective in this or any superseding case under the Bankruptcy Code.

6.  <u>Appointment of Plan Administrator and Implementation of the Plan</u>.  On the Effective Date and upon complete execution of the Plan Administrator Agreement, the Plan Administrator shall be appointed and shall have all the powers and duties and protections set forth in the Plan, the Plan Administrator Agreement or under applicable law and shall be compensated as set forth in the Plan Administrator Agreement.  The Plan Administrator will post a bond within ten Business Days of the Effective Date (which time may be extended on a consensual basis).  The Plan Administrator shall have no liability in connection with this Chapter 11 Case, except as set forth in the Plan Administrator Agreement.  No Person or Entity may

commence an action against the Plan Administrator in connection with this Chapter 11 Case without first obtaining entry of an order of this Court on notice to the Plan Administrator.

7.     Indemnification of the Plan Administrator.  As set forth in the Plan Administrator Agreement, the Plan Administrator and her designees, employees, consultants and professionals and any duly designated agent or representative of the Plan Administrator shall not be liable for any act or omission taken or omitted to be taken in their respective capacities other than for acts or omissions resulting from self-dealing, criminal acts, willful misconduct, gross negligence, or fraud as determined by a Final Order of the Bankruptcy Court.  The Plan Administrator may, in connection with the performance of her functions, and in her sole and absolute discretion, consult with attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in good faith reliance on the advice or opinions rendered by such attorneys, accountants, financial advisors and agents, or any Final Order of the Bankruptcy Court.  Notwithstanding such authority, the Plan Administrator shall not be under any obligation to consult with attorneys, accountants, financial advisors or agents, and her determination not to do so shall not result in the imposition of liability, unless such determination is based on self-dealing, criminal acts, willful misconduct, gross negligence or fraud as determined by Final Order of the Bankruptcy Court.  The Post-Effective Date Estate shall indemnify and hold harmless the Plan Administrator and her designees, employees, consultants and professionals, and all duly designated agents and representatives (in their capacity as such) from and against all liabilities, losses, damages, claims, costs and expenses, including, but not limited to attorneys' fees and costs arising out of or due to such actions or omissions, or consequences of their actions or omissions with respect or related to the performance of their duties or the implementation or administration of the Plan; provided however, that no such

indemnification will be made to such Persons for such actions or omissions as a result of self-dealing, criminal acts, willful misconduct, gross negligence or fraud.

8.      <u>Continuing Existence</u>.  From and after the Effective Date, the Debtor shall continue in existence for the purposes of (i) winding up its affairs as expeditiously as reasonably possible, (ii) liquidating, by conversion to Cash or other methods, of any remaining Assets as expeditiously as reasonably possible, (iii) enforcing and prosecuting Causes of Action, interests, rights and privileges of the Debtor, (iv) resolving Disputed Claims, (v) administering the Plan, (vi) filing tax returns and (vii) performing all such other acts and conditions required by and consistent with consummation of the terms of the Plan and the wind down of the Debtor's affairs.

9.      <u>Incorporation of Plan/Confirmation Order and Plan Control</u>.  The Plan is confirmed in its entirety and is hereby incorporated into this Confirmation Order by reference. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of, or otherwise affect, the validity, binding effect and enforceability of such provision, and each provision of the Plan shall have the same validity, binding effect and enforceability as if fully set forth in this Confirmation Order.  To the extent this Confirmation Order and/or the Plan is inconsistent with the Disclosure Statement, or any other agreement, instrument or document intended to implement the Plan or be executed in furtherance of the Plan, the Plan controls the Disclosure Statement and any such agreement, instrument or document, and the Confirmation Order (and any later order of the Bankruptcy Court) controls the Plan.

10.     **<u>Professional Claims</u>.  All final requests for payment of Professional Claims must be made by application filed with the Bankruptcy Court and served as required by**

the Bankruptcy Rules and any applicable Local Rule, on or before the Administrative Claims Bar Date, as set forth in Art. III.4 of the Plan, unless otherwise ordered by the Bankruptcy Court. Any Person that fails to file such application with the Bankruptcy Court on or before the Administrative Claim Bar Date shall be forever barred from asserting such Professional Claim against the Debtor, the Estate, and the Post-Effective Date Estate and the Holder thereof shall be permanently enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Professional Claim.

11. **Claims Relating to Rejected Executory Contracts and Unexpired Leases**. If the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan results in a Claim, then such Claim must be filed with the Bankruptcy Court on or before the Rejection Damages Bar Date, as set forth in Art. V of the Plan. Any Entity that fails to file such Claim on or before such date, shall be forever barred from asserting a Claim on account of the rejection of such Executory Contract or Unexpired Lease, but shall nevertheless be bound by the provisions of the Plan. The foregoing applies only to Claims arising from the rejection of an Executory Contract or Unexpired Lease; any other Claims held by a party to a rejected contract or lease not evidenced by a Proof of Claim filed by the applicable Bar Date shall be barred and unenforceable. Nothing in this Confirmation Order or V.1.2 of the Plan will extend any prior Bar Date set by prior order of the Bankruptcy Court.

12. **Administrative Claim Bar Date**. All requests for payment of Administrative Claims must be filed with the Bankruptcy Court and served as required by the Bankruptcy Rules and any applicable Local Rule on or before the Administrative Claims Bar Date, as

set forth in Art. III.4 of the Plan. Such request for payment of an Administrative Claim shall include, at a minimum, (i) the name, address, telephone number and email address of the Holder of such Claim; (ii) the amount of such Claim; (iii) the basis for such Claim; and (iv) any supporting documentation to the extent such documentation would be required by Bankruptcy Rule 3001. Any Person that fails to file such request with the Bankruptcy Court on or before the Administrative Claim Bar Date shall be forever barred from asserting such Administrative Claim against the Debtor, the Estate, or the Post-Effective Date Estate and the Holder thereof shall be permanently enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Administrative Claim.

13.     **Releases.**  As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, subject to the occurrence of the Effective Date, all consideration distributed under the Plan will and, regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims, upon the Effective Date, be in exchange for, and in complete satisfaction, settlement and release of, all Claims. As of the Effective Date, except as provided in the Plan or the Confirmation Order, all Entities will be precluded from asserting against, and will be deemed to have settled, released and/or waived all Claims against, the Estate and the Post-Effective Date Estate other than Claims or Causes of Action arising after the Petition Date out of, or related to any act or omission of the Debtor that is a criminal act, constitutes gross negligence or willful misconduct (including, without limitation, actual fraud).

14.     **Injunction.**  Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Entities that have held, currently hold or may hold a Claim or other

debt or liability that is discharged or released pursuant to the terms of the Plan are permanently enjoined with respect to such Claim, debt or liability from taking any of the following actions against the Debtor and its officers, directors and their retained Professionals, the Debtor's attorneys and/or Professionals, the Committee, the Committee's members, or their current and former attorneys or financial consultants (where retained with Bankruptcy Court approval as to the Committee) on account of any such Claims, debts or liabilities or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of the plan. Notwithstanding anything to the contrary herein or in the Plan, the Debtor shall not receive a discharge as set forth in section 1141(d)(3)(a) of the Bankruptcy Code.

15.    **Exculpation**.  To the extent permissible under applicable law, including but not limited to section 1125(e) of the Bankruptcy Code, and the Confirmation Order, none of the Debtor, the Debtor's officers, directors or their retained Professionals, the Debtor's retained Professionals, Committee, the Committee's members, or the Committee's retained attorneys or financial consultants , solely in their capacity as such (the "**Exculpated Parties**"), will have or incur any liability between the Petition Date and the Effective Date to any Holder of a Claim or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their

**successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, formulating, negotiating or implementing the Plan, the solicitation of votes to accept or reject the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation, or the administration of the Plan up to and including the Effective Date of the Plan, including in each case other than Claims or Action arising out of, or related to any act or omission of an Exculpated Party that is a criminal act, constitutes gross negligence or willful misconduct (including, without limitation, actual fraud) or claims for legal malpractice, release of which is prohibited by rule 1.8(h) of the New York Rules of Professional Conduct (22 N.Y.C.R.R. § 1200). Notwithstanding anything herein to the contrary, nothing in the Plan shall release any post-Effective Date obligations of any Entity.**

16.    <u>Rights of Governmental Units</u>. Except as provided in the injunction and exculpation provisions of the Confirmation Order (paragraphs 14 and 15) and Plan (Art. XI. 2 and 3), nothing in this Confirmation Order or the Plan discharges, releases, impairs, precludes, or enjoins any liability to a governmental unit, including the United States or any State of any non-debtor, on the part of any Entity other than the Debtor. Nor shall anything in this Confirmation Order or the Plan enjoin or otherwise bar a governmental unit from asserting or enforcing, outside of this Bankruptcy Court, any liability against an Entity other than the Debtor except as provided in the injunction and exculpation provisions of the Confirmation Order (paragraphs 14 and 15) and Plan (Art. XI. 2 and 3). Nothing in this Confirmation Order or the Plan, including without limitation the injunction provisions of paragraph 14 of the Confirmation Order, shall affect any setoff or recoupment rights of any governmental unit to the extent provided for under Section 553 of the Bankruptcy Code and any other applicable law.

17.     Injunction Against Interference with Plan.  Upon entry of this Confirmation Order, all Holders of Claims and other parties in interest, along with their respective present and former employees, agents, officers, directors, principals and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

18.     Term of Injunctions or Stays.  Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code or otherwise, and existing on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date.

19.     Governmental Approvals Not Required.  This order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

20.     Preservation of Insurance.  The Plan shall not diminish or impair the enforceability of any insurance policy, right or claim that may cover Claims against the Debtor, its employees, officers, directors or any other Person. Likewise, the Plan and this Order shall not impair any insurance carrier's rights, claims, defenses or disputes under any policy and shall not act to increase or extend any rights of the Debtor or the carriers.

21.     Successors and Assigns.  The rights, benefits, and obligations of any Person or Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, personal representative, successor, or assign of such Person or

Entity, including, but not limited to, the Post-Effective Date Estate, the Plan Administrator and all other parties-in-interest in the Chapter 11 Case.

22.     <u>Effectuating Documents and Further Transactions</u>.  On the Effective Date, the Plan Administrator (or any designee so authorized in writing) shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan and the winddown of the Debtor.

23.     <u>Payment of Statutory Fees</u>.  All fees payable pursuant to section 1930 of title 28 and section 3717 of title 31 of the United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on or before the Effective Date. All such fees that arise after the Effective Date shall be paid by the Post-Effective Date Estate.  The obligation of the Post-Effective Date Estate to pay quarterly fees to the U.S. Trustee pursuant to section 1930 of title 28 of the United States Code shall continue until such time as the Chapter 11 Case is closed.

24.     <u>Full and Final Satisfaction</u>.  All payments and all distributions under the Plan shall be in full and final satisfaction, settlement and release of all the Debtor's obligations with respect to Claims against the Debtor, except as otherwise provided in the Plan.

25.     <u>Retention of Jurisdiction</u>.  This Court hereby retains jurisdiction for the purposes set forth in Article XII of the Plan, for such other purposes as may be necessary to aid in the confirmation, consummation and implementation of the Plan, and for any purpose for which this Court previously retained jurisdiction by any prior order of this Court.

26.     <u>Dissolution of Debtor</u>.  Upon entry of an order closing the Chapter 11 Case, the Debtor shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtor or payments to be made in connection

therewith; provided, however, that the Debtor and/or the Plan Administrator on behalf of the Debtor may take appropriate action to dissolve under applicable law; provided further that the Plan Administrator shall be authorized to execute such documents and take such steps as may be necessary and appropriate to implement the final wind down of the Debtor.  From and after the Effective Date, the Debtor shall not be required to file any document, or take any action, to withdraw its business operations from New York, or any other states where the Debtor previously conducted business.

[*Remainder of page intentionally left blank*]

27. <u>Notice of Entry of Confirmation Order, Occurrence of Effective Date, Rejection Damages Bar Date, and Administrative Expense Claims Bar Date</u>.  Pursuant to Bankruptcy Rules 2002(f), 2002(k) and 3020(c), on or before the tenth (10th) day following the Effective Date, the Debtor shall electronically file with the Bankruptcy Court and serve notice of entry of this Order and occurrence of the Effective Date by causing notice of entry of this order, occurrence of the Effective Date, Rejection Damages Bar Date, and Administrative Expense Claims Bar Date in substantially the same form as attached hereto as **Exhibit B** (the "<u>Notice of Confirmation</u>"), to be delivered to (i) all known Holders of Claims, (ii) all known non-Debtor counterparties to Executory Contracts and Unexpired Leases, (iii) applicable taxing authorities, (iv) the U.S. Trustee, and (v) the United States (in accordance with Bankruptcy Rule 2002(j)) and all parties who have filed requests for service of papers pursuant to Bankruptcy Rules 2002, 9007 and 9010 by first-class mail, postage prepaid.  The notice described herein is adequate and no other or further notice is necessary.  The form of Notice of Confirmation substantially in the form annexed hereto as Exhibit B is approved.

**IT IS SO ORDERED.**

Dated:  June 24, 2022
          New York, New York

          _____**/s/ Martin Glenn**_____
          MARTIN GLENN
          Chief United States Bankruptcy Judge

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                        Chapter 11
                                                              Case No.: 21-11776 (MG)

Aguila, Inc.
                            Debtor.
------------------------------------------------------------X


## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SECOND AMENDED PLAN OF LIQUIDATION

CULLEN AND DYKMAN, LLP
Thomas Slome, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Email: tslome@cullenllp.com
atersigni@cullenllp.com

Michelle McMahon, Esq.
44 Wall Street
New York, New York 10005
(212) 510-2296
Email: mmcmahon@cullenllp.com

*Counsel to the Official Committee of Unsecured Creditors*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

SUMMARY OF THE PLAN .............................................................................. 1

ARTICLE I DEFINED TERMS AND RULES OF INTERPRETATION .................................. 2

    1.    Definitions. ................................................................................. 2

    2.    Interpretation. ............................................................................. 7

ARTICLE II CLASSIFICATION OF CLAIMS .................................................................. 7

    1.    Introduction. .............................................................................. 7

    2.    Classes. ..................................................................................... 8

    3.    General Rules of Classification. .................................................. 9

ARTICLE III TREATMENT OF UNCLASSIFIED CLAIMS .................................................. 9

    1.    Administrative Claims, including the Claims of the Professionals: ............................ 9

    2.    U.S. Trustee's Fees: .................................................................. 9

    3.    Allowed Priority Tax Claims: ..................................................... 9

    4.    Allowed Other Priority Claims: ................................................... 9

ARTICLE IV. MEANS FOR IMPLEMENTATION OF THE PLAN AND APPOINTMENT OF THE PLAN ADMINISTRATOR ................................................................................. 10

    1.    Liquidation of the Debtor and Funding of the Plan. ..................................... 10

    2.    Appointment of the Plan Administrator. ....................................... 10

ARTICLE V TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES 13

    1.    Rejection of Unexpired Leases and Executory Contracts. ......................................... 13

ARTICLE VI. PROVISIONS GOVERNING DISTRIBUTIONS ................................................ 14

    1.    Distributions After the Effective Date. ........................................ 14

    2.    No Interest on Claims. .............................................................. 14

    3.    Limits on Distributions. ............................................................ 14

ARTICLE VII. DISPUTED CLAIMS PROCEDURES ............................................................ 15

22444.2000 20283711v12

1.    Claim Objections. ................................................................................................. 15

ARTICLE VIII. CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE
DATE ............................................................................................................................... 16

1.    Conditions Precedent to Plan Confirmation. ........................................................ 16

2.    Conditions Precedent to the Effective Date.......................................................... 16

ARTICLE IX. AMENDMENT, MODIFICATION, WITHDRAWAL OR REVOCATION OF
THE PLAN ...................................................................................................................... 17

ARTICLE X. EFFECTS OF CONFIRMATION ................................................................ 17

1.    Vesting of Assets. ................................................................................................. 17

2.    Release of Assets. ................................................................................................. 17

3.    Binding Effect. ...................................................................................................... 17

4.    Term of Prior Orders, Injunctions or Stay. ........................................................... 18

5.    Preservation of Causes of Action. ........................................................................ 18

6.    Dissolution of the Debtor. .................................................................................... 18

ARTICLE XI. RELEASES AND INJUNCTIONS ............................................................. 18

1.    Releases. ............................................................................................................... 18

2.    Exculpation. .......................................................................................................... 19

3.    Injunction. ............................................................................................................ 19

ARTICLE XII. RETENTION OF JURISDICTION ........................................................... 20

1.    Post-Effective Date Jurisdiction. .......................................................................... 20

ARTICLE XIII. MISCELLANEOUS PROVISIONS ......................................................... 21

1.    Severability of Plan Provisions............................................................................. 21

2.    Successors and Assigns and Binding Effect.......................................................... 21

3.    Term of Injunctions or Stays. ............................................................................... 22

4.    Injunction Against Interference With Plan............................................................ 22

5.    Revocation, Withdrawal, or Non-Consummation. ................................................ 22

22444.2000 20283711v12

| | | |
|---|---|---|
| 6. | Notices. | 22 |
| 7. | Governing Law. | 22 |
| 8. | Post-Effective Date Professional Fees. | 22 |
| 9. | Payment of Statutory Fees. | 23 |
| 10. | Post-Confirmation Date Service List Persons Entitled to Notice. | 23 |
| 11. | Post-Confirmation Reporting. | 23 |
| 12. | Confirmation Order and Plan Control. | 23 |
| 13. | Dissolution of Committee. | 23 |
| 14. | Extension of Dates; Consent. | 23 |
| 15. | Closing of Chapter 11 Case. | 24 |
| 16. | No Admission. | 24 |

22444.2000 20283711v12

# INTRODUCTION

The Committee submits this Plan for the liquidation of the Debtor and resolution of the outstanding Claims against the Debtor pursuant to section 1121 of title 11 of the United States Code. Holders of Claims should refer to the Disclosure Statement for a discussion of (i) the Debtor's history, business, and the administration of the Chapter 11 Case, (ii) a summary of this Plan, including distributions to Holders of Claims, and (iii) certain related matters, including risk factors relating to the consummation of this Plan and Distributions to be made under this Plan.

Capitalized terms herein shall have the meanings set forth in Article I hereof. The Committee is the proponent of the Plan within the meaning of section 1129 of the Bankruptcy Code, and this Plan is being proposed by the Committee.

The Committee will be filing the Plan Supplement with the Bankruptcy Court not later than June 6, 2022. Upon such filing, all documents set forth in the Plan Supplement may be inspected in the office of the Clerk of the Bankruptcy Court during normal business hours. Holders of Claims may also obtain a copy of the Plan Supplement, once filed, by sending a written request to: Cullen and Dykman LLP, c/o Ben Ozur, Esq., 100 Quentin Roosevelt Boulevard, Garden City, New York 11530; bozur@cullenllp.com.

# SUMMARY OF THE PLAN

This Plan is a plan of liquidation that provides for the cessation of the Debtor's operations and the liquidation of the Debtor's assets. The Plan will primarily be funded with the Debtor's available Cash and collection of the Accounts Receivable. The Plan may also be funded with Litigation Proceeds, if any, and the net proceeds from the liquidation of any other assets of the Debtor. As described in more detail below, the Plan provides for the appointment of a Plan Administrator who will monetize the Debtor's assets and make Distributions to Holders of Allowed Claims as provided in the Plan. The Plan provides for payments on Allowed Claims in accordance with the priorities for claims as set forth under the Bankruptcy Code. The classification and treatment of Claims under the Plan are set forth in Articles II and III. below.

**ALL HOLDERS OF CLAIMS AGAINST THE DEBTOR ARE ENCOURAGED TO READ THE PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN. SUBJECT TO CERTAIN RESTRICTIONS AND REQUIREMENTS SET FORTH IN SECTION 1127 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3019, AND THE PLAN, THE COMMITTEE RESERVES THE RIGHT TO ALTER, AMEND, MODIFY, REVOKE OR WITHDRAW THE PLAN PRIOR TO ITS SUBSTANTIAL CONSUMMATION.**

22444.2000 20283711v15

# ARTICLE I

## DEFINED TERMS AND RULES OF INTERPRETATION

1.  **Definitions**.  For the purposes of this Plan, and the Disclosure Statement simultaneously filed by the Committee, the following terms shall have the respective meanings set forth below:

    1.1  **Accounts Receivable** means the Debtor's accounts receivable.

    1.2  **Accounts Receivable Proceeds** means the proceeds from the liquidation of the Accounts Receivable.

    1.3  **Administrative Claim** means a Claim for costs and expenses of administration of the Estate pursuant to sections 503(b) or 507(a)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses of preserving the Estate incurred after the Petition Date and through the Effective Date; (b) Claims of Professionals in the Chapter 11 Case; and (e) fees and charges assessed against the Estate pursuant to chapter 123 of the Judicial Code, including the U.S. Trustee Fees.

    1.4  **Administrative Claims Bar Date** means the first Business Day that is 35 days following the Effective Date of the Plan, except as specifically set forth in the Plan or a Final Order.

    1.5  **Affiliate** means such term as set forth in section 101(2) of the Bankruptcy Code.

    1.6  **Allowed** means with respect to any Claim that portion of such Claim (i) which has been allowed by a Final Order; (ii) which is allowed under the terms of this Plan; or (iii) (a) which has been scheduled by the Debtor as not disputed, not contingent and not unliquidated, or (b) for which a proof of claim was properly and timely filed on or before the Bar Date, Government Bar Date or Administrative Claims Bar Date, as applicable, with the Bankruptcy Court and as to which no objection to the allowance thereof has been interposed within the period of time fixed by the Bankruptcy Code, the Plan, the Bankruptcy Rules, Confirmation Order or other order of the Bankruptcy Court, or as to which any objection has been determined by a Final Order of the Bankruptcy Court allowing such Claim or Administrative Claim or any portion thereof. Except as otherwise specifically set forth in this Plan, each Allowed Claim shall be net of any valid setoff exercised with respect to such Claim pursuant to the provision of the Bankruptcy Code and applicable law.

    1.7  **Avoidance Actions** means any cause of action assertible under sections 510, 542, 543, 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code or similar non-bankruptcy law.

    1.8  **Available Cash** means (a) the Debtor's Cash on hand at the Effective Date; (b) the Accounts Receivable Proceeds, (c) the Litigation Proceeds; (d) the proceeds of amounts realized from the liquidation of any other assets of the Debtor; and (e) all other Cash the Debtor is entitled to, all of (a)-(e) net of amounts the Plan Administrator may determine at any time (i)

as appropriate to maintain the value of the assets of the Post Effective Date Estate during the winddown and liquidation, and (ii) to pay costs of administration and winddown (including the costs and expenses of the Plan Administrator and the fees, costs and expenses of all professionals retained by the Plan Administrator).

1.9     **Ballot** means each of the voting forms to be distributed with the Plan and the Disclosure Statement to Holders of Claims in Classes that are impaired under the terms of the Plan and are entitled to vote in connection with the solicitation of acceptances of the Plan.

1.10    **Bankruptcy Code** means title 11 of the United States Code, 11 U.S.C. §§101, *et seq.*, as in effect on the Petition Date.

1.11    **Bankruptcy Court** means the United States Bankruptcy Court for the Southern District of New York, Manhattan Division.

1.12    **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to the Chapter 11 Case, including the Local Rules of the Bankruptcy Court.

1.13    **Bar Date** means January 19, 2022.

1.14    **Business Day** means any day on which commercial banks are open for business in the City of New York and County of New York, New York, other than, a Saturday, Sunday, or legal holiday in the State of New York.

1.15    **Cash** means the legal tender of the United States of America and cash equivalents, including, without express or implied limitation, bank deposits, checks and other similar items.

1.16    **Causes of Action** means any and all actions, causes of action, Avoidance Actions, claims, rights, defenses, liabilities, obligations, executions, choses in action, controversies, rights (including rights to legal remedies, rights to equitable remedies, rights to payment), suits, debts, damages, judgments, remedies, demands, setoffs, defenses, recoupments, crossclaims, counterclaims, third-party claims, indemnity claims, contribution claims or any other claims whatsoever, whether known or unknown, reduced to judgment or not reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, choate or inchoate, existing or hereafter arising, suspected or unsuspected, foreseen or unforeseen, and whether asserted or assertable directly, indirectly or derivatively, at law, in equity or otherwise, based in whole or in part upon any act or omission or other event occurring prior to the Petition Date or during the course of the Chapter 11 Case, including through the Effective Date; provided, however, that "Causes of Action" will not include causes of action with respect to any claim that has been released or waived by the Debtor through the Plan or a Final Order of the Bankruptcy Court.

1.17    **Chapter 11 Case** means the above-captioned case commenced by the filing of a voluntary petition by the Debtor seeking relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court on the Petition Date.

1.18     **Claim** means a claim against the Debtor as defined in section 101(5) of the Bankruptcy Code.

1.19     **Class** means a class of Holders of Claims described in Article II of this Plan.

1.20     **Committee** means the Official Committee of Unsecured Creditors of Aguila, Inc. appointed by the U.S. Trustee on or around December 22, 2022, pursuant to section 1102(a) of the Bankruptcy Code.

1.21     **Confirmation** means entry of Confirmation Order by the Bankruptcy Court.

1.22     **Confirmation Date** means the date upon which the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Case.

1.23     **Confirmation Hearing** means the hearing to consider Confirmation of the Plan before the Bankruptcy Court.

1.24     **Confirmation Order** means the order of the Bankruptcy Court pursuant to section 1129 of the Bankruptcy Code confirming the Plan.

1.25     **Debtor** means Aguila, Inc.

1.26     **DHS** means New York City Department of Homeless Services.

1.27     **Disallowed** means, with respect to any Claim or portion thereof that (i) has been disallowed pursuant to this Plan or by a Final Order of the Bankruptcy Court; (ii) is identified in the Schedules in an amount of zero dollars or as contingent, unliquidated, or disputed and as to which a Proof of Claim was not filed by the Bar Date, the Government Bar Date or the Administrative Claims Bar Date, as applicable; or (iii) is not identified in the Schedules and as to which no Proof of Claim has been filed or deemed filed by the Bar Date, the Government Bar Date or the Administrative Claims Bar Date, as applicable.

1.28     **Disclosure Statement** means the Disclosure Statement filed simultaneously with this Chapter 11 Plan of Liquidation filed by the Committee in the Chapter 11 Case as it may be further amended, modified, and supplemented.

1.29     **Disputed Claim** means any Claim (i) which is scheduled by the Debtor as disputed, contingent or unliquidated, or (ii) proof of which has been filed with the Bankruptcy Court and an objection to the allowance has been or is interposed by the deadlines set forth in Article VII of the Plan or by the Bankruptcy Code, Bankruptcy Rules or an order of the Bankruptcy Court extending such time for the filing of such objections, and as to which, such objection has not been determined by a Final Order of the Bankruptcy Court or withdrawn. Such Claim, or a portion thereof, shall not be deemed an Allowed Claim until and unless and to the extent it is resolved as an Allowed Claim by a Bankruptcy Court order.

1.30     **Distribution** means any distribution pursuant to the Plan to the Holders of Allowed Claims against the Debtor.

1.31 **Effective Date** means the first Business Day on or after the Confirmation Date on which (i) no stay of the Confirmation Order is in effect and (ii) the conditions precedent to the effectiveness of the Plan set forth in Article VIII of the Plan have been satisfied or expressly waived by the Committee.

1.32 **Entity** means a Person, estate, trust, governmental unit, and the U.S. Trustee, within the meaning of Bankruptcy Code section 101(15).

1.33 **Estate** means the estate of the Debtor created by the Chapter 11 Case pursuant to Bankruptcy Code section 541.

1.34 **Executory Contract** means a contract, but not Unexpired Leases, to which the Debtor is a party that has not previously expired or terminated pursuant to its own terms and is subject to assumption or rejection under section 365 of the Bankruptcy Code.

1.35 **Final Order** means an order, ruling, judgment, the operation or effect of a judgment or other decree issued and entered by the Bankruptcy Court or by any state or other federal court or other court of competent jurisdiction which has not been reversed, vacated, stayed, modified or amended and as to which (i) the time to appeal or petition for review, rehearing, certiorari, reargument, remand or retrial has expired and as to which no appeal or petition for review, rehearing, certiorari, reargument, remand or retrial is pending or (ii) any appeal or petition for review, rehearing, certiorari, reargument, remand or retrial has been finally decided and no further appeal or petition for review, rehearing, certiorari, reargument, remand or retrial can be taken or granted; provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order or judgment shall not cause such order or judgment not to be a Final Order.

1.36 **General Unsecured Claim** means any Claim against the Debtor that is not an Administrative Claim, Priority Tax Claim, Other Priority Claim and U.S. Trustee Fee or Secured Claim.

1.37 **Government Bar Date** means April 13, 2022.

1.38 **Holder** means the legal or beneficial holder of a Claim (and, when used in conjunction with a Class or type of Claim, means a holder of a Claim in such Class or of such type).

1.39 **Impaired** means a Claim or class of Claims that is impaired within the meaning of section 1124 of the Bankruptcy Code.

1.40 **Insider** has the meaning set forth in section 101(31) of the Bankruptcy Code.

1.41 **Litigation Proceeds** means the proceeds from the prosecution of Debtor's Causes of Action.

1.42 **Other Priority Claim** means a Claim other than an Administrative Claim or a

Priority Tax Claim that is entitled to priority under section 507 of the Bankruptcy Code.

1.43    **Petition Date** means October 15, 2021.

1.44    **Person** means an individual, corporation, partnership, limited liability company, joint venture, association, joint stock company, trust, estate, unincorporated organization, governmental unit, government (or agency or political subdivision thereof), or other entity, including, without limitation, the Debtor.

1.45    **Plan** means this Official Committee of Unsecured Creditors' Second Amended Plan of Liquidation as it may be further amended, modified, and supplemented

1.46    **Plan Supplement** means the compilation of documents, including any exhibits and schedules to the Plan not included herewith, that the Debtor may file with the Bankruptcy Court prior to the Confirmation Hearing, as may be amended, supplemented or modified.

1.47    **Post-Effective Date Estate** means an estate created as of the Effective Date of the Plan comprised of all of the Debtor's rights title and interests in the Cash, Accounts Receivable, Litigation Proceeds, Causes of Action and any and all other assets of the Debtor and the debtor in possession, which will be transferred to the control and administration of the Plan Administrator as of the Effective Date.

1.48    **Priority Tax Claim** means any Claim of a governmental unit of the kind entitled to priority in payment as specified in sections 502(i) and 507(a)(8) of the Bankruptcy Code.

1.49    **Professional Claim** means a Claim by any Professional for compensation for legal and other services and reimbursement of expenses allowed or awarded under Bankruptcy Code sections 327, 328, 330(a), 331, 503(b) and/or 1103.

1.50    **Professionals** means professional persons retained in the Chapter 11 Case under section 327 or 1103 of the Bankruptcy Code pursuant to a Final Order of the Bankruptcy Court and shall specifically include (a) Davidoff Hutcher & Citron LLP, (ii) Cullen and Dykman LLP and (iii) Grassi & Co., CPAs, P.C.

1.51    **Proof of Claim** means a proof of claim filed with the Bankruptcy Court in connection with the Chapter 11 Case.

1.52    **Pro Rata** means regarding Claims, the ratio of the amount of an Allowed Claim in a particular Class to the aggregate amount of Allowed Claims in such Class.

1.53    **Secured Claim** means a Claim held by creditors secured by valid, perfected, and enforceable mortgages or liens on real and/or personal property owned by the Debtor or upon the leasehold interests and assets of the Debtor in accordance with section 506(a) of the Bankruptcy Code.

1.54     **Schedules** means the schedules of assets and liabilities and the statement of financial affairs filed by the Debtor as required by section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, and all amendments thereto.

1.55     **Unclaimed Property** means that any Distributions to Holders of Allowed Claims that are undeliverable or unclaimed at the expiration of 90 days from the date such Distribution was made.

1.56     **Unexpired Lease** means a lease to which the Debtor is a party that has not previously expired or terminated pursuant to its own terms and is subject to assumption or rejection under section 365 of the Bankruptcy Code.

1.57     **Unimpaired** means, with respect to any Class, that such Class is not Impaired.

1.58     **U.S. Trustee** means the Office of the United States Trustee for the Southern District of New York.

1.59     **U.S. Trustee Fees** means the obligation to pay quarterly fees to the U.S. Trustee pursuant to section 1930 of title 28 of the United States Code until such time as the Chapter 11 Case is closed and interest, if any, for delinquent fees pursuant to section 3717 of Title 31 of the United States Code.

1.60     **Voting Deadline** means 4:00 p.m. (EST) on June 16, 2022.

1.61     **Voting Record Date** means 4:00 p.m. (EST) on May 20, 2022

2.     **Interpretation.** Unless otherwise specified, all section or exhibit references in this Plan are to the respective section in, or exhibit to, the Plan, as the same may be amended, waived, or modified from time to time. The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained therein. A term used herein that is not defined herein means assigned to that term in the Bankruptcy Code. The rules of construction contained in section 102 of the Bankruptcy Code shall apply to the Plan. The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof. Unless otherwise provided, any reference in this Plan to an existing document, exhibit or schedule means such document, exhibit, or schedule as it may have been amended, restated, revised, supplemented or otherwise modified. If a time or date is specified for any payments or other distribution under the Plan, it means on or as soon as reasonably practicable thereafter. Further, where appropriate from a contextual reading of a term, each term includes the singular and plural form of the term regardless of how the term is stated and each stated pronoun is gender neutral.

## ARTICLE II

## CLASSIFICATION OF CLAIMS

1.     **Introduction**. All Claims, except Administrative Claims, Priority Tax Claims and Other

22444.2000 20283711v15

Priority Claims, are placed in the Classes set forth below. In accordance with Bankruptcy Code section 1123(a)(1), Administrative Claims, Priority Tax Claims and Other Priority Claim have not been classified, and the respective treatment of such unclassified Claims is set forth below in Article III of the Plan.

2.    **Classes**.  The following table designates the Classes of Claims and specifies which of those Claims are (i) Impaired or Unimpaired by the Plan, (ii) entitled to vote to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code, or (iii) deemed to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code.

| Designation | Description | Impairment | Entitled to Vote |
|---|---|---|---|
| Class 1 | Secured Claims | Unimpaired | No (Deemed to accept) |
| Class 2 | General Unsecured Claims | Impaired | Yes |

## Class 1 – Secured Claims

      i.    **Classification:** Class 1 consists of the Claims filed by Ford Motor Credit Company LLC and Americredit Financial Services, Inc. dba GM Financial.

      ii.    **Treatment**: Holders of Claims Class 1 that are Allowed as defined in the Plan shall, at the discretion of the Plan Administrator, (i) receive payment in full (or such lesser amount agreed to by the Holder of the Class 1 Claim) or (ii) receive the return of the collateral securing such Claims.

      iii.    **Voting:** Class 1 is Unimpaired under the Plan. The Holders of the Class 1 Claims are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Therefore, such Holders of the Class 1 Claims are not entitled to vote to accept or reject the Plan.

## Class 2 – General Unsecured Claims

      i.    **Classification:** Class 2 consists of claims that are not secured by property of the estate and are not entitled to priority under section 507(a) of the Bankruptcy Code.

      ii.    **Treatment:** Holders of Claims Class 2 that are Allowed as defined in the Plan will receive, in full and final satisfaction, compromise, settlement and release of the Allowed General Unsecured Claims, a Pro Rata Distribution from Available Cash remaining after payment of Allowed Administrative Claims, Allowed Secured Claims, Allowed Priority Tax Claims, U.S. Trustee Fees, and Allowed Other Priority Claims in one or more Distributions as determined by the Plan Administrator on a date(s) to be determined by the Plan Administrator.

      iii.    **Voting:** Class 2 is impaired under the Plan insofar as Holders of Allowed General Unsecured Claims are not anticipated to be paid in full. Holders of Class 2 Claims as of the Voting Record Date are eligible to vote on the Plan. Class 1 is Unimpaired and is presumed to accept the Plan.

3.      **General Rules of Classification.**  The Claims asserted against the Debtor are separated into Classes based on the nature of the Claims and the legal rights related to each Claim. A Claim is placed in a particular Class only to the extent that the Claim falls within the description of that Class and is classified in another Class to the extent that any portion of the falls within the description of such Class. A Claim is also placed in a particular Class for the purpose of receiving Distributions pursuant to the Plan only to the extent that such Claim is an Allowed Claim in that Class, and such Claim has not been paid, released, or otherwise settled prior to the Effective Date.

## ARTICLE III

## TREATMENT OF UNCLASSIFIED CLAIMS

4.      **Administrative Claims, including the Claims of the Professionals:** The Holders of Administrative Claims that are Allowed as defined in the Plan shall be paid in full pursuant to orders of the Bankruptcy Court. The Plan Administrator shall pay Allowed Administrative Claims by the later of: (a) 75 days after the Effective Date; or (b) 15 days of entry of an order or orders of the Bankruptcy Court (that are not stayed) allowing such Administrative Claims or on such other terms as mutually agreed to by the holder of an Allowed Administrative Claims and the Plan Administrator.

1.1      Administrative Claims Bar Date. With respect to Administrative Claims, including the claims of Professionals, that arose after the Petition Date through and including the Effective Date and are unpaid, all such Administrative Claims must be filed by the Administrative Bar Date, which shall be the 35th day (or the next Business Day if the 35th day is a holiday or weekend day) after the Effective Date. All Administrative Claims not timely filed by the Administrative Bar Date shall be forever barred. The Plan Administrator may object to the allowance of any Administrative Claim.

Professionals of the Debtor and the Committee requesting compensation in this Chapter 11 Case pursuant to sections 330, 331, and/or 503(b) of the Bankruptcy Code must file with the Bankruptcy Court an application for allowance of any compensation and/or reimbursement of expenses no later than Administrative Bar Date. Objections, if any, to each such application shall be filed in accordance with the Bankruptcy Rules. The Bankruptcy Court shall determine all such applications.

5.      **U.S. Trustee's Fees:**  The Claims of the U.S. Trustee are Unimpaired. The Plan Administrator shall pay all U.S. Trustee Fees in full through the date the final decree is entered.

6.      **Allowed Priority Tax Claims:**  The Holders of Priority Tax Claims that are Allowed as defined in the Plan pursuant to section 507(a)(8) of the Bankruptcy Code, to the extent that any such Claims should exist, are Unimpaired and shall be paid in full by the Plan Administrator within 30 days after the date the Claim is Allowed from Available Cash.

7.      **Allowed Other Priority Claims:**  The Holders of Other Priority Claims that are Allowed

22444.2000 20283711v15

as defined in the Plan pursuant to section 507(a)(3), (4) or (5) of the Bankruptcy Code, to the extent that any such Claims should exist, are Unimpaired and shall be paid in full by the Plan Administrator within 30 days after the date the Claim is Allowed from Available Cash.

## ARTICLE IV.

## MEANS FOR IMPLEMENTATION OF THE PLAN
## AND APPOINTMENT OF THE PLAN ADMINISTRATOR

1.      **Liquidation of the Debtor and Funding of the Plan.** On the Effective Date, the Plan Administrator will be deemed appointed to liquidate the Debtor's assets and wind down the Debtor. The Plan will primarily be funded with the Debtor's Cash and collection of the Accounts Receivable. The Plan may also be funded with Litigation Proceeds, if any, and the net proceeds from the liquidation and/or turnover of any other assets of the Debtor.

    1.1.    Board of Directors and Officers of the Debtor. On the Effective Date, the board of directors shall be deemed disbanded, and the directors and officers of the Debtor will cease to have any power or authority to act for the Debtor, the Estate, or the Post-Effective Date Estate.

    1.2.    Administration of Debtor's Assets. On the Effective Date, the Plan Administrator shall succeed to all of the rights of the Debtor and the debtor in possession with respect to their assets, without limitation, control over (including the right to waive) all attorney-client privileges, work-product privileges, accountant-client privileges and any other evidentiary or other privileges that, prior to the Effective Date, belonged to the Debtor and the debtor in possession pursuant to applicable law.

2.      **Appointment of the Plan Administrator.**  On the Effective Date, appointment of the Plan Administrator will automatically become effective, and collection of the Accounts Receivable and the monetization of the Debtor's remaining assets and Causes of Actions, resolving and/or objecting to invalid, overstated, duplicative, superseded, misclassified, previously satisfied, and/or otherwise objectionable Claims and making Distributions to creditors shall become the general responsibility of the Plan Administrator. The Plan Administrator shall be identified in the Plan Supplement and his/her/their qualifications and proposed compensation shall be set forth in the Plan Supplement. The Plan Administrator shall be deemed the Post-Effective Date Estate's representative in accordance with section 1123 of the Bankruptcy Code and shall have all powers, authority and responsibilities specified under sections 704 and 1106 of the Bankruptcy Code. The Plan Administrator will act for the Debtor and the Post Effective Date Estate in a fiduciary capacity as applicable to a board of directors, subject to the provisions of the Plan.

    2.1.    Powers and Duties of the Plan Administrator. The powers and duties of the Plan Administrator shall include, without further order of the Bankruptcy Court:

    •      to control all the Cash, bank accounts, expenditures, employees (including the ability to terminate, retain or otherwise employ of any employees), and assets of the Debtor;

- to control and invest all Cash and withdraw and make Distributions of Cash to Holders of Allowed Claims and pay obligations owed by the Debtor or incurred by the Plan Administrator in connection with the wind down, liquidation and administration of the Post-Effective Date Estate in accordance with the Plan;

- to receive, manage, invest, supervise, and protect all assets, including paying obligations incurred in connection with administering the Plan and the Debtor's assets;

- to engage attorneys, consultants, agents, employees and all professional persons, to assist the Plan Administrator with respect to the Plan Administrator's responsibilities;

- to pay the fees and expenses for the attorneys, consultants, agents, employees and professional persons engaged by the Plan Administrator and to pay all other expenses in connection with administering the Plan and for winding down the Debtor in accordance with the Plan;

- after the Effective Date, to satisfy any liabilities, expenses and other claims incurred by the Debtor's estate or Plan Administrator;

- to execute and deliver all documents, and take all actions, necessary to consummate the Plan and wind down the Debtor;

- to dispose of, and deliver title to others of, or otherwise realize the value of, or abandon any or all of the Debtor's remaining assets;

- to coordinate the collection of outstanding Accounts Receivable and other rights of payment of the Debtor;

- to coordinate the storage and maintenance of the Debtor's books and records and the destruction of the Debtor's books and records as appropriate (and to the extent permitted by law) after entry of a final decree closing the Chapter 11 Case;

- to oversee compliance with the Debtor's accounting, finance and reporting obligations, and to identify and submit any additional requests for reimbursement to DHS or any other appropriate governmental agency;

- to prepare all required post-confirmation reports for the Bankruptcy Court and the U.S. Trustee;

- to oversee the filing of tax returns, audits and other corporate dissolution documents if required;

- to perform any additional actions as necessary to carry out the liquidation and ultimate dissolution of the Debtor;

- to review, object, compromise and/or settle to Claims against the Debtor;

- to act on behalf of the Debtor in all adversary proceedings and other lawsuits and contested matters (including, without limitation, to prosecute any Causes of Action), then pending or that can be commenced in the Bankruptcy Court or in any other court of competent jurisdiction and in all actions and proceedings pending or commenced elsewhere, and to settle, retain, enforce, or dispute any adversary proceedings, other lawsuits or contested matters (including, without limitation, any Causes of Action) and otherwise pursue actions involving assets of the Debtor that could arise or be asserted at any time under the Bankruptcy Code or otherwise, unless otherwise specifically waived or relinquished in the Plan;

- to implement and/or enforce all provisions of the Plan;

- to perform the duties, exercise the powers, and assert the rights of a trustee under sections 704 and 1106 of the Bankruptcy Code, including, without limitation, investigating, commencing, prosecuting or settling Causes of Action (including, without limitation, Avoidance Actions), enforcing contracts, and asserting claims, defenses, offsets and privileges; and

- to use such other powers as may be vested in or assumed by the Plan Administrator pursuant to the Plan, Confirmation Order or other Bankruptcy Court order or as may be necessary and proper to carry out the provisions of the Plan.

2.2.    Liability of the Plan Administrator

- Standard of Care. Except in the case of bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud or self-dealing, the Plan Administrator shall not be personally liable for any loss or damage by reason of any action taken or omitted by the Plan Administrator pursuant to the discretion, powers and authority conferred, or in good faith believed by the Plan Administrator to be conferred, on the Plan Administrator by the Plan.

- No Liability for Acts of Predecessors. No successor Plan Administrator shall be in any way responsible for the acts or omissions of any Plan Administrator prior to the date on which such successor becomes the Plan Administrator, unless a successor Plan Administrator expressly assumes such responsibility.

- No Implied Obligations. The Plan Administrator shall have no obligations except for the performance of such duties and obligations as are specifically set forth in the Plan.

- No Liability for Good Faith Error of Judgment/Releases. The Plan Administrator shall not be liable for any error of judgment made in good faith, unless it shall be proved that the Plan Administrator was grossly negligent. Subject to Bankruptcy Court approval, the final decree shall contain releases for the Plan Administrator and the Plan Administrator's Professionals substantially in the form of the release set forth in the Plan.

- No Personal Obligation for Plan or Plan Administration Liabilities. Except as set

forth herein, Persons dealing with the Plan Administrator, or seeking to assert Claims against the Debtor or the Estate shall look only to the Post-Effective Date Estate to satisfy any liability incurred by the Plan Administrator to any such Person in carrying out the terms of the Plan, and the Plan Administrator shall have no personal, individual obligation to satisfy any such liability, other than as expressly set forth in the Plan. The Plan Administrator shall not be sued personally for any claims including, without limitation, taxes, capital gains, costs, expenses, representations or warranties, and/or any other liabilities whatsoever, relating to, arising from or in connection with the Post-Effective Date Estate. The protections and immunities hereunder shall be in addition to any protections, immunities, rights and/or remedies that the Plan Administrator has in law or equity. Regardless of whether the Chapter 11 Case is open or closed, no Person may sue the Plan Administrator without prior authorization of the Bankruptcy Court.

## ARTICLE V

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

1.      **Rejection of Unexpired Leases and Executory Contracts.**  To date, the Debtor has not assumed or rejected any Unexpired Leases or Executory Contracts. The Debtor's time to assume or reject Unexpired Leases for non-residential real property expires on May 16, 2022. Thus, unless the Debtor obtains Bankruptcy Court approval to assume any such Unexpired Leases or obtain an extension of time to do so, pursuant to section 365(d)(4)(A) of the Bankruptcy Code, the Debtor's Unexpired Leases for non-residential real property, if any, will be rejected effective as of May 16, 2022. Under the Plan and the Confirmation Order the Debtor will reject its remaining Unexpired Leases and all Executory Contracts as of the Effective Date of the Plan. The Confirmation Order shall constitute an order of the Bankruptcy Court under section 365 of the Bankruptcy Code approving the rejection of all of the Debtor's Unexpired Leases and Executory Contracts not previously assumed or rejected as of the Effective Date of the Plan.

   1.1.    Compensation And Benefit Plans. All employment agreements or contracts, compensation and benefit plans, policies and programs of the Debtor applicable to its present and former employees, including, without express or implied limitation, all savings plans, retirement plans, health and welfare plans, performance-based incentive plans, retention plans, reimbursement plans, disability plans, severance benefit plans, paid time off plans and life, accidental death and dismemberment insurance plans, including, without express or implied limitation will be deemed to be, and will be treated as though they are, Executory Contracts and will, on the Effective Date, be rejected as set forth above, other than as may be agreed in writing by the Plan Administrator and such employee.

   1.2.    Deadline to file Rejection Damage Claims. If the rejection of an Unexpired Lease or Executory Contract results in a Claim for damages resulting from rejection that is not evidenced by a proof of claim filed by the Bar Date or Government Bar Date, as applicable, or a proof of claim that is deemed to be timely filed under applicable law, then such Claim shall be forever barred and shall not be enforceable against the Estate, unless a proof of claim is filed with the Clerk of the Bankruptcy Court within 35 days of the Effective Date.

# ARTICLE VI.

## PROVISIONS GOVERNING DISTRIBUTIONS

1.　**Distributions After the Effective Date.**　No interest will accrue or be payable on Claims or any Distributions made after the Effective Date to Holders of Claims that are Allowed (as defined in the Plan) after the Effective Date.

2.　**No Interest on Claims.**　Unless otherwise specifically provided for in the Plan or the Confirmation Order, postpetition interest shall not accrue or be paid on Claims, and no Holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim.

3.　**Limits on Distributions.**　The Plan Administrator may retain such amounts the Plan Administrator may determine (i) as appropriate to maintain the value of the assets of the Post Effective Date Estate during wind down and liquidation, (ii) to pay administrative expenses (including the costs and expenses of the Plan Administrator and the fees, costs and expenses of all professionals retained by the Plan Administrator) and (iii) to satisfy other liabilities to which the assets or the post-Effective Date Estate are otherwise subject, in accordance with the Plan.

　　　3.1.　Expenses. The Plan Administrator may withhold from amounts distributable to any Person any and all amounts determined in the Plan Administrator's sole discretion to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

　　　3.2.　Reporting Requirements. Holders of Allowed Claims shall, as a condition to receiving Distributions, provide such information and take such steps as the Plan Administrator may require to ensure compliance with withholding and reporting requirements and to enable the Plan Administrator to obtain certifications and information as may be necessary or appropriate to satisfy the provisions of any tax law. In the event that a Holder of an Allowed Claim does not comply with the Plan Administrator's requests in the preceding sentence within ninety (90) days, no Distribution is required to be made on account of such Allowed Claim and the Plan Administrator may reallocate such Distribution for the benefit of all other Holders of Allowed Class 2 Claims, in accordance with the Plan.

　　　3.3.　No *De Minimis* or Fractional Distributions. The Plan Administrator shall not be required to make Distributions in an amount less than $5.00. Any funds so withheld and not distributed on an interim basis shall be held in reserve and may be distributed, if practical, in subsequent Distributions to the extent the aggregate Distribution exceeds $5,000, if any. Should a final Distribution to any Holder of an Allowed Claim not equal or exceed $5.00, that sum shall be distributed to other Holders of Allowed Claims in accordance with the Plan. The Plan Administrator is not required to make payments of fractional dollars. Whenever any payment of a fraction of a dollar under the Plan would otherwise be required, the actual Distribution may be made in an amount rounded down to the nearest whole dollar.

　　　3.4.　Transmittal of Distributions/Unclaimed Property. All Distributions under the Plan on account of any Allowed Claims shall be made at the address of the Holder of such Allowed Claim as set forth in a filed Proof of Claim, the Schedules or as provided by such Holder to the

Plan Administrator in writing. In the event that any Distribution to any Holder is returned as undeliverable, the Plan Administrator will use reasonable efforts to determine the current address of such Holder, but no Distribution to such Holder shall be made unless and until the Plan Administrator has determined to his/her/their satisfaction the then-current address of such Holder, at which time such Distribution shall be made to such Holder without interest; provided, however, that such undeliverable or unclaimed Distributions may become Unclaimed Property at the expiration of 90 days from the date such Distribution was originally made. The Plan Administrator may reallocate the Unclaimed Property for the benefit of all other Holders of Allowed Claims in accordance with the Plan; or donate unclaimed Property to Win (Women In Need, Inc.)[1] or if not possible to another a not-for-profit corporation providing services and assistance consistent with the Debtor's charitable mission or as ordered by the Bankruptcy Court.

3.5.    Record Date. As of the close of business on the Confirmation Date, the claims register shall be closed, and there shall be no further changes in the record Holders of any Claims. Neither the Debtor, nor the Plan Administrator, as applicable, shall have any obligation to recognize any transfer of any Claims occurring after the close of business on the Confirmation Date, and shall instead be entitled to recognize and deal for all purposes under the Plan (except as to voting to accept or reject the Plan) with only those Holders of record as of the close of business on the Confirmation Date.

3.6.    Final Distribution. With respect to the Post Effective Date Estate, after (a) the Plan has been fully administered, (b) all Disputed Claims have been resolved, (c) all Causes of Action have been resolved, and (d) all assets have been reduced to Cash or abandoned, the Plan Administrator shall effect a final Distribution of all Available Cash remaining, subject to the limitations set forth above and after reserving sufficient Cash to pay all unpaid expenses of administration of the Plan and all expenses reasonably expected to be incurred in connection with the winddown and final Distribution, to Holders of Allowed Claims in accordance with the Plan.

## ARTICLE VII.

## DISPUTED CLAIMS PROCEDURES

1.    **Claim Objections.**  The Plan Administrator shall have the right to object to all Claims on any basis, including those Claims that are not listed in the Schedules, that are listed therein as disputed, contingent, and/or unliquidated, that are listed therein at a lesser amount than asserted by the respective Creditor, or that are listed therein at for a different category of claim than asserted by the respective creditor. The Plan Administrator may settle any Claim objection or Disputed Claim (including aggregate of Claims if held by a single Creditor), without notice, a Bankruptcy Court hearing, or Bankruptcy Court approval. The Plan Administrator reserves the right, for purposes of allowance and Distribution, to estimate claims pursuant to Section 502(c) of the Bankruptcy Code if necessary.

1.1.    Deadline to File Objections. Subject to further extension by the Bankruptcy Court

---

[1] Additional information regarding this not-for-profit corporation is available at https://winnyc.org/.

for cause with or without notice, the Plan Administrator may object to the allowance of Claims other than Administrative Claims up to 120 days after the Effective Date; provided, however, that an objection to a Claim based on Section 502(d) of the Bankruptcy Code may be made at any time in any adversary proceeding against the Holder of any relevant Claim. The filing of a motion to extend the deadline to object to any Claims shall automatically extend such deadline until a Final Order is entered on such motion. In the event that such motion to extend the deadline to object to Claims is denied by the Bankruptcy Court, such deadline shall be the later of the current deadline (as previously extended, if applicable) or 30 days after the Bankruptcy Court's entry of an order denying the motion to extend such deadline.

      1.2.    <u>Setoffs/ Recoupments</u>. From and after the Effective Date, the Plan Administrator shall succeed to all of the rights, defenses, offsets, and counterclaims of the Debtor in respect of all Claims, and in that capacity shall have the power to prosecute, defend, compromise, settle, and otherwise deal with all such objections, subject to the terms of the Plan.

      1.3.    <u>No Distribution on Partially Allowed Claims</u>. Notwithstanding any provision in the Plan to the contrary, no partial payments and no partial Distributions are required to be made by the Plan Administrator with respect to any portion of any Claim against the Estate if such Claim or any portion thereof is a Disputed Claim.

**ARTICLE VIII.**

**<u>CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE</u>**

1.    **<u>Conditions Precedent to Plan Confirmation.</u>**  Under the Plan, the following conditions precedent must be satisfied or waived solely by the Committee in writing for the Confirmation Date to occur:

      1.1.    The Bankruptcy Court has determined that the Plan is confirmable and satisfies the requirements of section 1129 of the Bankruptcy Code, including that the Plan was proposed in good faith.

      1.2.    Entry of the Confirmation Order that (i) authorizes the appointment the Plan Administrator with all of the powers and duties set forth herein, (ii) approves in all respects the transactions, agreements, and documents to be effected pursuant to the Plan, and (iii) except as otherwise specifically provided in the Plan, order that nothing herein operates as a discharge, release, exculpation, or waiver of, or establishes any defense or limitation of damages to, any Claim or Cause of Action belonging to the Estate.

2.    **<u>Conditions Precedent to the Effective Date.</u>**  Under the Plan, the following conditions precedent must be satisfied or waived solely by the Committee in writing for the Effective Date to occur:

      2.1.    Any remaining residents of the Parkview Hotel have been transitioned to new housing and are not residing at the Parkview Hotel and possession of the Parkview has been turned over to the Parkview.

16

2.2.    the Confirmation Order shall be entered by the Bankruptcy Court and be a Final Order

2.3.    the Plan Administrator shall have been selected by the Committee and accepted the appointment;

2.4.    all actions, documents and agreements necessary to implement the provisions of the Plan, and such actions, documents, and agreements shall have been executed and delivered; and

2.5.    all other actions required by the Plan to occur on or before the Effective Date shall have occurred.

## ARTICLE IX.

## AMENDMENT, MODIFICATION, WITHDRAWAL OR REVOCATION OF THE PLAN

The Committee reserves the right, in accordance with section 1127 of the Bankruptcy Code, to amend or modify the Plan provided the Bankruptcy Court approves such modification, if required.

The Committee may withdraw or revoke the Plan prior to the Confirmation Date. If such a withdrawal or revocation occurs, or if Confirmation does not occur, the Plan will be null and void. In such event, nothing contained in the Plan will constitute a waiver or release of any Claim by the Committee or any Claim against the Debtor, or to prejudice in any manner the rights of the Committee or any other Person in any further proceedings involving the Committee.

## ARTICLE X.

## EFFECTS OF CONFIRMATION

1.    **Vesting of Assets.**  As of the Effective Date, any and all rights, title, and interests in all real and personal property of the Estate including, but not limited to: (i) Cash held by the Debtor, (ii) the Accounts Receivable and (iii) Causes of Action, shall be vested in the Post-Effective Date Estate, free and clear of all Claims except as otherwise expressly provided and subject to the provisions of the Plan and any governing stipulation, the Confirmation Order or the Bankruptcy Code.

2.    **Release of Assets.**  Until the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Debtor, the Estate and the Post-Effective Date Estate. Thereafter, jurisdiction of the Bankruptcy Court shall be limited to the subject matters set forth in Article XII of the Plan

3.    **Binding Effect.**  Upon the Effective Date, all of the provisions of the Plan shall be binding on the Debtor, on all Holders of Claims, and on all other parties in interest who are affected (or whose interests are affected) in any manner by the Plan.

22444.2000 20283711v15

4.    **Term of Prior Orders, Injunctions or Stay.**  Unless otherwise provided, the automatic stay provided for in the Chapter 11 Case pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect up to the Effective Date of this Plan and shall thereafter be replaced by the permanent injunction under Article XI of the Plan.

5.    **Preservation of Causes of Action**.  The Post-Effective Date Estate shall retain any and all claims and Causes of Action belonging to the Debtor and its Estate, including but not limited to those listed in the Debtor's Schedules, whether arising before or after the Petition Date, regardless of whether such claims and Causes of Action arise under the Bankruptcy Code. The Plan Administrator may but is not required to pursue any and all such claims or Causes of Action. No Person may rely on the absence of a specific reference in the Plan or in the Disclosure Statement to any claim or Cause of Action against it as any indication that the Plan Administrator will not pursue any and all available claims and Causes of Action against it. Unless any claims and Causes of Action against a Person are expressly and unambiguously waived, relinquished, exculpated, released, compromised, or settled in the Plan or in a Bankruptcy Court order, the Plan Administrator expressly reserve all claims and Causes of Action, for later prosecution, settlement, or adjudication and no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such claims and Causes of Action upon, after, or a consequence of entry of the Confirmation Order, occurrence of the Effective Date, or consummation of the Plan.

6.    **Dissolution of the Debtor**.  Upon the later of (a) the distribution of all Cash pursuant to the Plan or (b) the filing of final tax returns, the Debtor shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtor or payments to be made in connection therewith; provided, however, that the Plan Administrator on behalf of the Debtor may take appropriate action to dissolve under applicable law. From and after the Effective Date, the Debtor shall not be required to file any document, or take any action, to withdraw its business operations from any states where the Debtor previously conducted business. Notwithstanding the forgoing, the Plan Administrator shall be authorized to sign any such documents as necessary or appropriate to effectuate the dissolution of the Debtor and any post-dissolution documents necessary or appropriate to effectuate the winddown of the Debtor.

**ARTICLE XI.**

**RELEASES AND INJUNCTIONS**

The Debtor is being liquidated so it is not entitled to a discharge under Section 1141 of the Bankruptcy Code, but the Plan, the Confirmation Order and the order granting the final decree closing the Chapter 11 Case shall provide for the following releases, injunctions and exculpations:

1.    **Releases.**  **EXCEPT AS OTHERWISE PROVIDED HEREIN OR IN THE CONFIRMATION ORDER, AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, ALL CONSIDERATION DISTRIBUTED UNDER THE PLAN WILL AND, REGARDLESS OF WHETHER ANY PROPERTY WILL HAVE BEEN**

DISTRIBUTED OR RETAINED PURSUANT TO THE PLAN ON ACCOUNT OF SUCH CLAIMS, UPON THE EFFECTIVE DATE, BE IN EXCHANGE FOR, AND IN COMPLETE SATISFACTION, SETTLEMENT AND RELEASE OF, ALL CLAIMS. AS OF THE EFFECTIVE DATE, EXCEPT AS PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WILL BE PRECLUDED FROM ASSERTING AGAINST, AND WILL BE DEEMED TO HAVE SETTLED, RELEASED AND/OR WAIVED ALL CLAIMS AGAINST, THE ESTATE AND THE POST EFFECTIVE DATE ESTATE OTHER THAN CLAIMS OR CAUSES OF ACTION ARISING AFTER THE PETITION DATE OUT OF, OR RELATED TO ANY ACT OR OMISSION OF THE DEBTOR THAT IS A CRIMINAL ACT, CONSTITUTES GROSS NEGLIGENCE OR WILLFUL MISCONDUCT (INCLUDING, WITHOUT LIMITATION, ACTUAL FRAUD).

2.      **Exculpation.**  TO THE EXTENT PERMISSIBLE UNDER APPLICABLE LAW, INCLUDING BUT NOT LIMITED TO SECTION 1125(e) OF THE BANKRUPTCY CODE, AND THE CONFIRMATION ORDER, NONE OF THE DEBTOR, THE DEBTOR'S OFFICERS, DIRECTORS OR THEIR RETAINED PROFESSIONALS, THE DEBTOR'S RETAINED PROFESSIONALS, COMMITTEE, THE COMMITTEE'S MEMBERS, OR THE COMMITTEE'S RETAINED ATTORNEYS OR FINANCIAL CONSULTANTS , SOLELY IN THEIR CAPACITY AS SUCH (the "EXCULPATED PARTIES"), WILL HAVE OR INCUR ANY LIABILITY BETWEEN THE PETITION DATE AND THE EFFECTIVE DATE TO ANY HOLDER OF A CLAIM OR INTEREST, OR ANY OTHER PARTY IN INTEREST, OR ANY OF THEIR RESPECTIVE AGENTS, EMPLOYEES, REPRESENTATIVES, FINANCIAL ADVISORS, ATTORNEYS, OR AFFILIATES, OR ANY OF THEIR SUCCESSORS OR ASSIGNS, FOR ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, THE CHAPTER 11 CASE, FORMULATING, NEGOTIATING OR IMPLEMENTING THE PLAN, THE SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE CONFIRMATION OF THE PLAN, THE CONSUMMATION, OR THE ADMINISTRATION OF THE PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE PLAN UP TO AND INCLUDING THE EFFECTIVE DATE OF THE PLAN, INCLUDING IN EACH CASE OTHER THAN CLAIMS OR CAUSES OF ACTION ARISING OUT OF, OR RELATED TO ANY ACT OR OMISSION OF AN EXCULPATED PARTY THAT IS A CRIMINAL ACT, CONSTITUTES GROSS NEGLIGENCE OR WILLFUL MISCONDUCT (INCLUDING, WITHOUT LIMITATION, ACTUAL FRAUD) OR CLAIMS FOR LEGAL MALPRACTICE, RELEASE OF WHICH IS PROHIBITED BY RULE 1.8(h) OF THE NEW YORK RULES OF PROFESSIONAL CONDUCT (22 N.Y.C.R.R. § 1200). NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NOTHING IN THE PLAN SHALL RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY.

3.      **Injunction.**  EXCEPT AS PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, AS OF THE EFFECTIVE DATE, ALL ENTITIES THAT HAVE HELD, CURRENTLY HOLD OR MAY HOLD A CLAIM OR OTHER DEBT OR LIABILITY THAT IS DISCHARGED OR RELEASED PURSUANT TO THE TERMS OF THE PLAN

ARE PERMANENTLY ENJOINED WITH RESPECT TO SUCH CLAIM, DEBT OR LIABILITY FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST THE COMMITTEE, THE COMMITTEE'S MEMBERS, OR THEIR CURRENT AND FORMER ATTORNEYS OR FINANCIAL CONSULTANTS (WHERE RETAINED WITH COURT APPROVAL AS TO THE COMMITTEE) ON ACCOUNT OF ANY SUCH CLAIMS, DEBTS OR LIABILITIES OR RIGHTS: (I) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION OR OTHER PROCEEDING; (II) ENFORCING, ATTACHING, COLLECTING OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE OR ORDER; (III) CREATING, PERFECTING OR ENFORCING ANY LIEN OR ENCUMBRANCE; (IV) ASSERTING A SETOFF, RIGHT OF SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY DEBT, LIABILITY OR OBLIGATION DUE TO THE DEBTOR; AND (V) COMMENCING OR CONTINUING ANY ACTION IN ANY MANNER, IN ANY PLACE, THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THE PLAN. NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN OR IN THE PLAN, THE DEBTOR SHALL NOT RECEIVE A DISCHARGE AS SET FORTH IN SECTION 1141(d)(3)(A) OF THE BANKRUPTCY CODE.

## ARTICLE XII.

## RETENTION OF JURISDICTION

1.      **Post-Effective Date Jurisdiction.**  The Bankruptcy Court (or the United States District Court for the Southern District of New York, as the case may be) shall have and retain exclusive jurisdiction of matters arising out of, and related to the Chapter 11 Case and the Plan under the Bankruptcy Code and for, among other things, the following purposes:

1.1      to hear and determine all objections to Claims and Administrative Claims concerning the classification, allowance or disallowance of any such claim, if any;

1.2      to hear and determine any and all adversary proceedings, Causes of Action, claims of the Estate, applications, and contested matters, whether filed or commenced before or after the Effective Date;

1.3      to hear and determine all Claims arising out of any agreement entered into by the Plan Administrator after the Petition Date, if any;

1.4      to hear and determine any settlement and/or compromise pursuant to Bankruptcy Rule 9019 concerning any of the foregoing;

1.5      to alter, modify and amend the Plan pursuant to section 1127 of the Bankruptcy Code, or to remedy any defect, cure any omissions or reconcile any inconsistency in the Plan or Confirmation Order as may be necessary or advisable to carry out the purpose and intent of the Plan and to the extent authorized by the Bankruptcy Code or Bankruptcy Rules;

1.6     to make such orders *ex parte* or upon application, and to hear and adjudicate any settlements or disputes concerning the provisions of the Plan, or to enforce and/or implement the terms of the Plan;

1.7     to hear and determine such other matters as may be provided for in the Confirmation Order of the Bankruptcy Court, and for the purposes set forth in section 1127(b) and section 1142 of the Bankruptcy Code or as contained in Bankruptcy Rules 1019 and 3020(d);

1.8     to hear and determine all applications for Professional's compensation;

1.9     to hear and determine matters concerning local, state and federal taxes in accordance with sections 345, 505 and/or 1146 of the Bankruptcy Code;

1.10    to enter a final order or decree concluding the Chapter 11 Case or an order of substantial consummation;

1.11    to hear and determine that Distributions are accomplished as provided in the Plan; and/or

1.12    to determine other matters contained in the Confirmation Order or Plan or as necessary for the winddown of the Chapter 11 Case and administration and implementation of the Plan that is authorized under the provisions of the Bankruptcy Code.

## ARTICLE XIII.

## <u>MISCELLANEOUS PROVISIONS</u>

1.      **<u>Severability of Plan Provisions.</u>** If, prior to the Confirmation Date, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court, at the request of the Committee shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

2.      **<u>Successors and Assigns and Binding Effect.</u>** The rights, benefits, and obligations of any Person or Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, personal representative, successor, or assign of such Person or Entity.

3.      **Term of Injunctions or Stays.** Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code or otherwise, and existing on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date.

4.      **Injunction Against Interference with Plan.** Upon entry of the Confirmation Order, all Holders of Claims, and other parties in interest, along with their respective present and former employees, agents, officers, directors, principals and affiliates shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

5.      **Revocation, Withdrawal, or Non-Consummation.** The Committee reserves the right to revoke or withdraw the Plan at any time prior to the Confirmation Date or, if the Committee is for any reason unable to consummate this Plan after the Confirmation Date, at any time prior to the Effective Date. If the Committee revokes or withdraws the Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then (a) the Plan shall be null and void in all respects and (b) any settlement or compromise embodied in the Plan or any other fixing or limiting to an amount certain any Claim or Class of Claims, rejection of Executory Contracts or Unexpired Leases effected by the Plan, and any document or agreement executed pursuant to the Plan shall be deemed null and void.

6.      **Notices.** Any notice, request, or demand required or permitted to be made or provided under the Plan shall be (a) in writing, (b) served by (i) certified mail, return receipt requested, (ii) hand delivery, (iii) overnight delivery service, (iv) first class mail, or (v) electronic transmission, and (c) deemed to have been duly given or made when actually delivered or, in the cases of notice by electronic transmission, when received and telephonically confirmed, addressed as follows: (i) Cullen and Dykman LLP, 100 Quentin Roosevelt Boulevard, Garden City, New York 11530, Attn: Thomas R. Slome, Esq. (tslome@cullenllp.com) and Michelle McMahon, Esq. (mmcmahon@cullenllp.com), (ii) the Plan Administrator at the address set forth in the Plan Supplement and (iii) Office of the United States Trustee, U.S. Federal Office Building, 201 Varick St., Room 1006, New York, NY 10014, Attn: Mark Bruh, Esq. (mark.bruh@usdoj.gov).

7.      **Governing Law.** Except to the extent that the Bankruptcy Code, Bankruptcy Rules or other federal laws apply, the rights and obligations arising under this Plan and, except as may be provided otherwise in any such agreements, documents, or instruments, any agreements, documents, and instruments executed in connection with the Plan shall be governed by and construed and enforced in accordance with the laws of the State of New York, without giving effect to principles of conflict of laws that would require application of the law of another jurisdiction.

8.      **Post-Effective Date Professional Fees.** From and after the Effective Date, to the extent any professional provides services to the Post-Effective Date Estate or the Plan Administrator in connection with this Plan and any other matters as to which such professionals may be engaged, the fees and expenses of such professional shall, in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, be paid from the assets of the Post Effective Date Estate in the Plan Administrator's sole discretion. In the event a dispute over the

fees of any Professional cannot be resolved consensually, the dispute will be resolved through an appropriate application to the Bankruptcy Court. The Plan Administrator may, without application to or approval by the Bankruptcy Court, retain professionals and pay professional fees and expenses in connection with services rendered to it after the Effective Date.

9.      **Payment of Statutory Fees.**  All fees payable pursuant to section 1930 of title 28 of the United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on or before the Effective Date. All such fees that arise after the Effective Date shall be paid by the Plan Administrator from Cash. The obligation of the Post-Effective Date Estate to pay quarterly fees, and interest, if any, for delinquent fees pursuant to section 3717 of Title 31 of the United States Code, to the U.S. Trustee pursuant to section 1930 of title 28 of the United States Code shall continue until such time as the Chapter 11 Case is closed.

10.     **Post-Confirmation Date Service List Persons Entitled to Notice**. From and after the Confirmation Date, any notices of appearance and demands for service of process filed by any Person with the Bankruptcy Court prior to such date shall no longer be effective. No further notices, other than notice of entry of the Confirmation Order, shall be required to be sent to such Persons (other than counsel to the Debtor) unless required by the Bankruptcy Code or Bankruptcy Rules.

11.     **Post-Confirmation Reporting.**  The Plan Administrator shall file post-confirmation operating reports on a quarterly basis, upon the conclusion of each respective quarter until the earlier of the entry of a final decree, conversion or dismissal of the Chapter 11 Case.

12.     **Confirmation Order and Plan Control.**  To the extent the Confirmation Order and/or this Plan is inconsistent with the Disclosure Statement, or any other agreement, the Plan controls the Disclosure Statement and any such agreements, and the Confirmation Order (and any later order of the Court) controls the Plan.

13.     **Dissolution of Committee.**  On the Effective Date, the Committee shall be automatically dissolved and all members, Professionals and agents of the Committee shall be deemed released of their duties, responsibilities and obligations, and shall be without further duties, responsibilities and authority in connection with the Debtor, the Chapter 11 Case, the Plan or its implementation (other than for the Professionals to prepare and prosecute their final fee application).

14.     **Extension of Dates; Consent.**  To the extent any provision or definition of the Plan provides for an act or event to take place on a certain date, such date may be extended upon the written consent of the Plan Administrator, other than a Distribution under this Plan. Any provision of the Plan which is conditioned upon, or subject to, the consent of any party shall be deemed satisfied if the consent is executed by counsel for such party.

15.     **Closing of Chapter 11 Case.** After the Chapter 11 Case has been fully administered, the Plan Administrator shall seek authority from the Bankruptcy Court for a final decree and to close the Chapter 11 Case in accordance with the Bankruptcy Code and Bankruptcy Rules.

16.     **No Admission.** Notwithstanding anything herein to the contrary, nothing contained in this Plan will be deemed an admission by the Debtor, the Committee or any other Person with respect to any matter set forth herein, including, without express or implied limitation, liability on any Claim or the propriety of a Claim's classification.


Dated: May 19, 2022                              CULLEN AND DYKMAN LLP

                                                 By: */s/  Michelle McMahon*
                                                 Thomas Slome, Esq.
                                                 100 Quentin Roosevelt Boulevard
                                                 Garden City, New York 11530
                                                 (516) 357-3700
                                                 Email: tslome@cullenllp.com

                                                 Michelle McMahon, Esq.
                                                 44 Wall Street
                                                 New York, New York 10005
                                                 (212) 510-2296
                                                 Email: mmcmahon@cullenllp.com

                                                 *Counsel to the Official Committee of Unsecured Creditors*

22444.2000 20283711v15

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No.: 21-11776 (MG) |
| Aguila, Inc. | |
| Debtor. | |

---------------------------------------------------------X

## NOTICE OF EFFECTIVE DATE, ADMINISTRATIVE
## CLAIM BAR DATE AND REJECTION CLAIM BAR DATE

**PLEASE TAKE NOTICE** that on _____, 2022, the United States Bankruptcy Court for the Southern District of New York entered an order [Dkt No. ___] (the "Confirmation Order") confirming the *Official Committee Of Unsecured Creditors' Second Amended Plan of Liquidation* [Dkt. No. 94] (as it may be amended and modified from time to time, the "Plan")[1] as satisfying the requirements of the Bankruptcy Code and authorizing the implementation of the Plan on the Effective Date.

### Occurrence of the Effective Date of the Plan

**PLEASE TAKE FURTHER NOTICE** that on _____, 2022, the Effective Date of the Plan occurred. Each of the conditions precedent to the effectiveness of the Plan enumerated in Article VIII.2 of the Plan has been satisfied or waived in accordance with Article VIII.2 of the Plan.

**THE FOLLOWING INCLUDES CERTAIN INFORMATION AND DEADLINES WITH RESPECT TO THE PLAN AND IS INTENDED SOLELY FOR GENERAL INFORMATIONAL PURPOSES AND AS A COURTESY TO PARTIES IN INTEREST. PARTIES IN INTEREST SHOULD REVIEW THE PLAN AND THE CONFIRMATION ORDER AND CONSULT WITH THEIR OWN COUNSEL WITH RESPECT TO ANY INFORMATION THEY MAY HAVE REGARDING THE FOLLOWING.**

Copies of the Plan, the Plan Supplement Agreement, the Confirmation Order and other pleadings and materials may be obtained: (i) at the Clerk's office at any time during regular business hours, (ii) by accessing the Court's website at www.nysb.uscourts.gov (the electronic docket for the Debtor's case is a fee-for-service website, which requires a PACER-issued password), or (iii) by requesting same, in writing, from Cullen and Dykman LLP, c/o Ben Ozur, 100 Quentin Roosevelt Boulevard, Garden City, New York 11530, email: bozur@cullenllp.com.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

## Deadline File Administrative Claims (Including Professional Claims)

With respect to unpaid Claims, including the claims of Professionals, that arose after October 18, 2021 through and including the Effective Date, all such Claims must be filed by the **Administrative Bar Date, which shall be the 35th day (or the next Business Day if the 35th day is a holiday or weekend day) after the Effective Date.** All Administrative Claims not timely filed by the Administrative Bar Date shall be forever barred.

Professionals of the Debtor and the Committee requesting compensation in this Chapter 11 Case pursuant to sections 330, 331, and/or 503(b) of the Bankruptcy Code must file with the Bankruptcy Court an application for allowance of any compensation and/or reimbursement of expenses no later than Administrative Bar Date. Objections, if any, to each such application shall be filed in accordance with the Bankruptcy Rules. The Bankruptcy Court shall determine all such applications.

## Deadline to File Claims Resulting from the Rejection of Executory Contracts or Unexpired Leases pursuant to the Plan and Confirmation Order

 If the rejection of an Unexpired Lease or Executory Contract results in a Claim for damages resulting from rejection that is not evidenced by a proof of claim filed by the Bar Date or Government Bar Date, as applicable, or a proof of claim that is deemed to be timely filed under applicable law, then such Claim shall be must be filed by **the 35th day (or the next Business Day if the 35th day is a holiday or weekend day) after the Effective Date.** All such Claims not timely filed by this deadline shall be forever barred.

Dated: _____, 2022          CULLEN AND DYKMAN LLP

By: _____
Thomas Slome, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Email: tslome@cullenllp.com

Michelle McMahon, Esq.
44 Wall Street
New York, New York 10005
(212) 510-2296
Email: mmcmahon@cullenllp.com

*Counsel to the Official Committee of Unsecured Creditors*