UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:                                                                                  Chapter 11
                                                                                        Case No. 21-11776 (MG)
    Aguila, Inc.
               Debtor.

---

### STIPULATION AND ORDER GRANTING RELIEF FROM THE PERMANENT INJUNCTION IN THE SECOND AMENDED PLAN AND CONFIRMATION ORDER

RECITALS:

    1.    On October 15, 2021 (the "Petition Date"), Aguila, Inc. (the "Debtor") filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code, Case No. 21-11776 (the "Bankruptcy").

    2.    On October 18, 2021, the Debtor filed the Declaration of Raymond Sanchez Pursuant to Local Bankruptcy Rule 1007-2 [Dkt. No. 3], which contains the Debtor's description of its business and operations and the events leading to the filing of the Bankruptcy.

    3.    On December 14, 2021, the Office of the United States Trustee, pursuant to 11 U.S.C.§1102, appointed the Official Committee of Unsecured Creditors (the "Committee"). The Committee was comprised of the following members: (i) Parkview Hotel, LLC; (ii) Intrepid Group, LLC; and (iii) 437 Morris Park, LLC.

    4.    The Committee filed its Official Committee of Unsecured Creditors Plan of Liquidation (the "Plan") and accompanying Disclosure Statement (the "Disclosure Statement") [Dkt. Nos. 86 and 87] and subsequently obtained approval of its Second Amended Disclosure Statement for the Official Committee of Unsecured Creditors Second Amended Plan of Liquidation [Dkt. No. 95] and confirmation of its Official Committee of Unsecured Creditors Second Amended Plan of Liquidation [Dkt. No. 97] (the "Second Amended Plan"). On June 24,

2022, the Court entered the Order Confirming the Official Committee of Unsecured Creditors' Second Amended Plan of Liquidation [Dkt. No. 119] (the "Confirmation Order"). Under the Second Amended Plan, Lori Lapin Jones, Esq. was appointed as plan administrator (the "Plan Administrator"). The Second Amended Plan went effective on July 12, 2022 (the "Effective Date").

5. After the Petition Date and the Effective Date, on September 7, 2023, Abimael Velez (the "Plaintiff") filed a complaint (the "Complaint") alleging claims related to an alleged personal injury that occurred prior to the Petition Date against the Debtor and Intrepid Group LLC in violation of the permanent injunction in Article XI of the Second Amended Plan and paragraph 14 of the Confirmation Order (jointly, the "Permanent Injunction").

6. By telephone call and email communication on October 27, 2023, counsel for the Plaintiff informed Cullen and Dykman LLP of the filing of the Complaint.

7. Pursuant to the Permanent Injunction, the Plaintiff is stayed from taking any further action to prosecute the Complaint and is also prohibited from, among other things, (i) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order and (ii) creating, perfecting or enforcing any lien or encumbrance.

8. The parties have agreed to enter into this Stipulation to avoid unnecessary motion practice, and it is in the best interests of the Debtor's post-confirmation estate to consent to the terms and provisions provided herein.

STIPULATION:

NOW THEREFORE, in consideration of the above stated premises, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED by the undersigned parties as follows:

1. That, subject to the conditions and limitations set forth herein, the Permanent

Injunction shall be, and hereby is, modified to permit the continued prosecution of the Complaint against the Debtor including the enforcement of any judgment or settlement, but only to the extent of the limits of existing insurance coverage that may be applicable to the Complaint, provided, however, that any settlement of the Complaint, or judgment rendered against the Debtor with regard to the Complaint, may not exceed the applicable limits for any such insurance coverage, and provided further that the Plan Administrator shall have no obligation to take part in, spend time on or expend any assets of the Debtor's estate in connection with any aspect of the Complaint, including, without limitation, appearing as a witness in any conference, hearing or examination or responding to discovery requests, formal or informal.

2. The Plaintiff will not formally or informally seek discovery from the Plan Administrator or the post-confirmation estate of the Debtor or seek to compel testimony from the Plan Administrator or the post-confirmation estate of the Debtor, except the Plaintiff is entitled to obtain publicly filed documents from sources other than the Plan Administrator and the post-confirmation estate of the Debtor and to use such documents.

3. Subject to all available counterclaims and defenses (including but not limited that Plaintiff's claims may be barred for the Plaintiff's failure to file a proof of claim in the Bankruptcy) and only to the extent there is insurance coverage available to satisfy any judgment entered against the Debtor with regard to the Complaint, the Plaintiff agrees to limit recovery on any judgment from such insurance proceeds taking into account any retention or deductible which shall reduce any recovery. The Plan Administrator makes no representation as to the availability of any insurance coverage.

4. The Plaintiff hereby waives and releases any and all claims they may have: (a)

against the Debtor's estate, whether filed or unfiled, and any right to file a proof of claim for any amount in excess of the insurance coverage or any amounts within any insurance deductibles or self-insured retentions; (b) against the Plan Administrator's and/or Debtor's insurance carrier(s) for any amount in excess of available insurance coverage or any amounts within any applicable insurance deductible or self-insured retention; and (c) any former employees, officers, directors or independent contractors of the Debtor.

5. Nothing contained in this Stipulation is intended to be or should be construed as an admission of liability by the Plan Administrator, the Debtor or any former employees, officers, directors or independent contractors of the Debtor with respect to the allegations related to any of the claims asserted in the Complaint who may be entitled to coverage under any applicable insurance policies, and all the rights, claims and defenses of any of these parties with respect to the Complaint are hereby expressly reserved.

6. This Stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same agreement. electronic, facsimile or PDF reproductions of original signatures shall be deemed binding for the purpose of the execution of this Stipulation.

7. This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective affiliates, successors, administrators, agents and assigns.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: November 14, 2023 | Dated: November 14, 2023 |
| */s/ Michelle McMahon* | */s/ Mark Rubin* |
| **CULLEN AND DYKMAN LLP** | **MARK B. RUBIN, P.C.** |
| Michelle McMahon, Esq. | Mark B. Rubin, Esq. |
| 44 Wall Street | 3413 White Plains Road |
| New York, New York 10005 | Bronx, New York 10467 |
| Telephone: (212) 732-2000 | 718-231-1515 |
| Email: mmcmahon@cullenllp.com | mbrubinatty@aol.com |
| | |
| Thomas R. Slome, Esq. | *Counsel for Abimael Velez* |
| 100 Quentin Roosevelt Boulevard | |
| Garden City, New York 11530 | |
| Telephone: (516) 357-3700 | |
| Email: tslome@cullenllp.com | |
| | |
| *Counsel for Lori Lapin Jones, Esq., solely in her capacity as Plan Administrator* | |

**IT IS SO ORDERED.**

Dated:  November 15, 2023
         New York, New York

                                                  /s/ Martin Glenn
                                              MARTIN GLENN
                                    Chief United States Bankruptcy Judge