**CULLEN & DYKMAN LLP**
Thomas Slome, Esq.
The Omni Building
333 Earle Ovington Blvd, 2nd Floor
Uniondale, NY 11553
(516) 357-3700
Email: tslome@cullenllp.com

Michelle McMahon, Esq.
One Battery Park Plaza, 34th Fl.
New York, New York 10004
(212) 510-2296
Email: mmcmahon@cullenllp.com

*Counsel to Lori Lapin Jones, Esq. solely*
*in her capacity as Plan Administrator of Aguila Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 11<br>Case No. 21-11776 (MG) |
| Aguila, Inc.<br>Debtor. | |

---

**NOTICE OF MOTION TO EXTEND THE PLAN ADMINISTRATOR'S TIME
TO OBJECT TO CLAIMS UNDER OFFICIAL COMMITTEE OF
UNSECURED CREDITORS' SECOND AMENDED PLAN OF LIQUIDATION**

   **PLEASE TAKE NOTICE** that Lori Lapin Jones, Esq., solely in her capacity as Plan

Administrator for Aguila, Inc. ("Debtor"), filed the *Motion To Extend The Plan Administrator's*

*Time To Object To Claims Under Official Committee Of Unsecured Creditors' Second Amended*

*Plan Of Liquidation* (the "Motion"), attached hereto, and a hearing to consider the Motion will

be held before Honorable Martin Glenn, Chief United States Bankruptcy Judge of the United

States Bankruptcy Court for the Southern District of New York, on January 8, 2025 at 2:00 p.m.

(EST) (the "Hearing") or as soon thereafter as counsel may be heard. The Hearing will be

conducted by Zoom for Government conference. Participants are required to register their appearance by 4:00 PM the day before any scheduled Zoom® hearing at

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.

      **PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Motion must be made in writing, conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Bankruptcy Court and be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (a copy of which can be found at *www.nysb.uscourts.gov*, the official website for the United States Bankruptcy Court for the Southern District of New York), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served upon: (i) counsel to Plan Administrator, Cullen and Dykman LLP, Attn: C. Michelle McMahon, Esq., One Battery Park Plaza, 34th Fl., New York, New York 10004; and (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Mark Bruh, Esq. so as to be actually received by no later than 4:00 p.m. on December 19, 2024 (the "Response Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are properly filed, served and received with respect to the Motion by the Response Deadline, the Court may enter an Order granting the relief requested in the Motion without further notice or a hearing, which order may disallow, expunge, reduce or reclassify your claim. The parties are required to attend the hearing and failure to attend may result in relief being granted or denied upon default.

22444.2000 20569704v5

Dated: November 18, 2024          **CULLEN AND DYKMAN LLP**


/s/ Michelle McMahon_____
Michelle McMahon
One Battery Park Plaza, 34th Fl.
New York, New York 10004
(212) 510-2296
Email: mmcmahon@cullenllp.com

*Counsel to Lori Lapin Jones, Esq. solely in her
capacity as Plan Administrator of Aguila Inc.*

22444.2000 20569704v5

**CULLEN & DYKMAN LLP**
Thomas Slome, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Email: tslome@cullenllp.com

Michelle McMahon, Esq.
One Battery Park Plaza, 34th Fl.
New York, New York 10004
(212) 510-2296
Email: mmcmahon@cullenllp.com

*Counsel to Lori Lapin Jones, Esq. solely*
*in her capacity as Plan Administrator of Aguila Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
|  | Chapter 11 |
| In re: | Case No. 21-11776 (MG) |
| Aguila, Inc. | |
| Debtor. | |

---

### MOTION TO EXTEND THE PLAN ADMINISTRATOR'S TIME TO OBJECT TO CLAIMS UNDER OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SECOND AMENDED PLAN OF LIQUIDATION

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE

       Lori Lapin Jones, Esq. solely in her capacity as Plan Administrator under the Official

Committee of Unsecured Creditors' Second Amended Plan of Liquidation [Dkt. No. 94] (the

"Plan") for Aguila, Inc. ("Debtor"), requests entry of an order, substantially in the form attached

hereto as Exhibit A, extending the time for the Plan Administrator to file objections to claims. In

support of this Motion, the Plan Administrator states as follows:

### JURISDICTION AND VENUE

       1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and

1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2.     Venue in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought are section and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.     On October 11, 2021 ("Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code in the Court, Case No. 21-11776 (the "Bankruptcy").

4.     On December 14, 2021, the Office of the United States Trustee, pursuant to section 1102 of the Bankruptcy Code, appointed the Official Committee of Unsecured Creditors comprised of the following members: (i) Parkview Hotel, LLC, (ii) Intrepid Group, LLC and (iii) 437 Morris Park, LLC (the "Committee").

5.     On October 21 and 26, 2021, the Debtor filed its Schedules [Dkt. Nos. 8], which it amended on October 27, 2021 [Dkt. No. 17] (collectively the "Schedules").

6.     The Debtor set, and the Bankruptcy Court approved, deadlines of January 19, 2022, for filing claims against the Debtor (the "Bar Date") and April 13, 2022 for claims by governmental creditors (the "Government Bar Date") [Dkt. Nos. 28 and 38].

7.     The Committee filed its Official Committee of Unsecured Creditors Plan of Liquidation and accompanying Disclosure Statement [Dkt. Nos. 86 and 87] and subsequently obtained approval of its Second Amended Disclosure Statement for the Official Committee of Unsecured Creditors Second Amended Plan of Liquidation [Dkt. No. 95] and confirmation of the Plan. On June 24, 2022, the Court entered the Order Confirming the Official Committee of Unsecured Creditors' Second Amended Plan of Liquidation [Dkt. No. 119]. The Plan

Administrator was appointed under the Plan. The Plan went effective on July 12, 2022.

8.      Over the last six months, the Plan Administrator has been working closely with New York City Department of Homeless Services to address the reconciliation and collection of the receivables owed by New York City Department of Homeless Services to the Debtor. The Plan Administrator believes that significant progress has been made with the New York City Department of Homeless Services on the reconciliation of numerous invoices for multiple years. The process is ongoing but appears to be nearing conclusion.

9.      On November 1, 2022, the Plan Administrator filed three claim objections: Motion for Omnibus Objection to Claim(s) Number: 5, 6, 9, 20 and 23 [Dkt. No. 163], Motion for Objection to Claim(s) Number: Atlantic Tomorrow's Office [Dkt. No. 164], and Motion for Omnibus Objection to Claim(s) Number: Scheduled Claims and Claim No. 1 and 2 [Dkt. No. 165]. On December 14, 2022, the Bankruptcy Court entered the following orders in response to the claim objections: Order Granting Claim(s) Objection 1 - Claim Scheduled as Disputed, Contingent, and/or Unliquidated for Which No Proof of Claim was Filed (Related Doc # 164) [Dkt. No. 175], Order Granting Claim(s) Objection 2 - Scheduled Claims for Which a Proof of Claim Has Been Filed and Supersedes the Scheduled Claim (Related Doc # 163) [Dkt. No. 176], and Order Granting Claim Objection 3 - Satisfied Claims (Related Doc # 165) [Dkt. No. 177]. On December 13, 2022, the Plan Administrator also filed Claim Objection 4 Satisfied Secured Claims [Dkt. No. 174], which was approved by Court order dated January 19, 2023 [Dkt. No. 182].

22444.2000 20569704v5

10. On July 17, 2023, the Plan Administrator filed two more claim objections: Motion to Disallow Claims Claim Objection 5 No Liability [Dkt. No. 191] and Motion to Disallow Claims Claim Objection 6 Late Claim [Dkt. No. 192]. On August 18, 2023, the Bankruptcy Court entered the following orders in response to the claim objections: Order Granting Claim Objection 5 - No Liability Claims (Related Doc # 191) [Dkt. No. 197] and Order Granting Claim Objection 6 - Late Claim (Related Doc # 192) [Dkt. No. 198].

11. On October 13, 2023, the Plan Administrator filed a Complaint against Allied Universal Security Services seeking to avoid and recover a preferential payment and to disallow the proof of claim filed by the defendant. The defendant did not respond or otherwise answer the complaint and on January 5, 2024, the Court entered a default judgment against the defendant, including disallowance of its claim. *See* Adv. Pro. 23-1187, Dkt. No. 11.

12. On October 13, 2023, the Plan Administrator filed a Complaint against Havana Express Catering Services LLC seeking to avoid and recover a preferential payment and to disallow the proof of claim filed by the defendant. Havana Express Catering Services LLC did not respond or otherwise answer the complaint and on June 24, 2024, the Court entered default against the defendant. *See* Adv. Pro. 23-1188, Dkt. No. 5. The Plan Administrator reached agreement with Havana Express Catering Services LLC to disallow the undisputed, liquidated non-contingent claim scheduled for it in exchange for dismissal of the adversary proceeding against it. *See* Adv. Pro. 23-1188, Dkt. No. 8.

13. In addition, a number of claims filed by plaintiffs in prepetition suits alleging personal injury related torts have been waived in exchange for the Plan Administrator's consent to relief from the permanent injunction under the Plan to allow the plaintiff to pursue available insurance coverage and non-debtor defendants, if any. The Plan Administrator has also requested

and obtained information from creditors regarding their claims and is communicating with creditors regarding potential objections to their claims. As a result, to date one creditor has voluntarily withdrawn its claim [Dkt. No. 168]. Currently, there are six scheduled claims that have not been disallowed or superseded by a timely filed proof of claim and two proofs of claim that have been reduced and allowed by court order.

14. The Debtor's estate has fourteen total claims pending against it consisting of six undisputed, liquidated non-contingent scheduled claims, two allowed proofs of claim and six additional proofs of claim still subject to reconciliation. The total of these remaining claims against the estate are an aggregated asserted amount of approximately $7.05 million. The Plan Administrator and certain claimants have put their claims discussions on hold pending resolution of the negotiations with the New York City Department of Homeless Services. The Plan Administrator intends to reengage in discussions with claimants once resolution is reached with the New York City Department of Homeless Services and the amount of receivables to be paid to the Debtor is known. The Plan Administrator and the claimants believe that this information will make further claim negotiations much more productive.

15. Under the terms of the Plan, the Plan Administrator had until November 9, 2022 (the "Claim Objection Deadline") to object to claims, subject to this deadline being extended by the Court. Art. VII.1.1 of the Plan provides:

> Deadline to File Objections. Subject to further extension by the Bankruptcy Court for cause with or without notice, the Plan Administrator may object to the allowance of Claims other than Administrative Claims up to 120 days after the Effective Date; provided, however, that an objection to a Claim based on Section 502(d) of the Bankruptcy Code may be made at any time in any adversary proceeding against the Holder of any relevant Claim. The filing of a motion to extend the deadline to object to any Claims shall automatically extend such deadline until a Final Order is entered on such motion. In the event that such motion to extend the deadline to object to Claims is denied by the Bankruptcy Court, such deadline shall be the later of the current deadline (as previously extended, if applicable) or 30 days after the Bankruptcy Court's entry of

an order denying the motion to extend such deadline.

Plan, Art. VII.1.1.

16.     The Claim Objection Deadline has been extended four times through December 10, 2024. *See* Orders Extending the Plan Administrator's Time to Object to Claims under Official Committee of Unsecured Creditors' Second Amended Plan of Liquidation [Dkt Nos. 178, 187, 199, 208 and 217].

17.     As described above, the Plan Administrator has been and intends to continue discussions with the remaining creditors regarding their claims. The negotiations with New York City Department of Homeless Services have been productive, and the Plan Administrator is hopeful that she will be able to conclude the collection process in the near future. Pending these negotiations, the Plan Administrator and certain claimants have put their claims discussions on hold. The Plan Administrator prefers to resolve potential claim disputes through negotiations, not litigation, where possible. The Plan Administrator believes an additional extension of the Claim Objection Deadline to allow time for these negotiations and collection efforts to conclude is in the best interest of the Debtor's estate.

### RELIEF REQUESTED AND LEGAL SUPPORT THEREFORE

18.     By this Motion, the Plan Administrator seeks entry of an order, substantially in the form annexed hereto as Exhibit A**,** extending the Claim Objection Deadline through June 10, 2025, subject to the Plan Administrator's right to seek further extensions of this deadline. The Plan Administrator believes that this additional time is necessary to provide sufficient time for the remaining claim negotiations, and if necessary additional objections.

19.     The Court has the express authority to extend the Claims Objection Deadline. As noted above, the Plan expressly permits the Court to extend the time for the Plan Administrator to object to claims. *See* Plan, Art. VI.1.1. In addition, for the reasons stated below, an extension

of the Claim Objection Deadline is necessary to complete an analysis of the claims, communicate with creditors and to object to claims as is necessary to have an accurate claims register prior to making distributions to holders of valid claims. Further, Bankruptcy Rule 9006(b) provides that the Court may "for cause shown at any time in its discretion" extend a deadline "if the request therefore is made before the expiration" of such deadline. Fed. R. Bankr. P. 9006(b)(1). The Court also has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-97 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This authority is consistent with the Court's broad authority under section 105(a) of the Bankruptcy Code to issue orders necessary for the consummation of the Plan or to carry out the provisions of the Bankruptcy Code. *See Adelphia Bus. Solutions, Inc. v. Abnos,* 482 F.3d 602, 609 (2d Cir. 2007) (holding the section 105(a) of the Bankruptcy Code grants bankruptcy court broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code).

20. The Plan Administrator initially properly focused her attention on the immediate and critical first phase of the winddown. Thereafter she began her analysis of claims and to date has filed six claims objections and filed and concluded two adversary proceedings. She is currently focused on collecting receivables from the City of New York, which is a comprehensive reconciliation and forensic process and complex negotiations. She has also engaged creditors in discussions regarding their claims, a process that is ongoing. Currently, the Plan Administrator requires additional time to complete her analysis of additional potential claim objections, negotiate with creditors where appropriate, and file additional claim objections if necessary. Accordingly, the Plan Administrator respectfully requests that the Court enter the

10

proposed order annexed hereto extending the Claim Objection Deadline.

**NOTICE/ PREVIOUS APPLICATION(S)**

21.     Notice of this Motion will be provided to the Office of the United States Trustee and all parties who filed a notice of appearance in this case. The Plan Administrator submits that no further notice is required.

22.     As set forth above, the Plan Administrator previously sought and was granted extensions of the Claim Objection Deadline from November 9, 2022 through and including March 9, 2023 and again through July 7, 2023, January 8, 2024, June 10, 2024 and December 10, 2024. *See* ¶16, *supra*. The Plan Administrator has not sought an additional extension of the Claim Objection Deadline beyond June 10, 2025 other than as set forth in this Motion.

**WHEREFORE**, the Plan Administrator respectfully requests the entry of an Order, substantially in the form of the proposed order attached as Exhibit A, extending the Claim Objection Deadline and for such other and further relief as this Court deems just and proper.

Dated: November 18, 2024          **CULLEN AND DYKMAN LLP**


                                                    */s/ Michelle McMahon*
                                                    Michelle McMahon
                                                    One Battery Park Plaza, 34th Fl.
                                                    New York, New York 10004
                                                    (212) 510-2296
                                                    Email: mmcmahon@cullenllp.com

                                                    *Counsel to Lori Lapin Jones, Esq. solely
                                                    in her capacity as Plan Administrator of Aguila Inc.*

11

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                                        Chapter 11

Aguila, Inc.                                      Case No.: 21-11776 (MG)

        Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER EXTENDING THE PLAN ADMINISTRATOR'S TIME
### TO OBJECT TO CLAIMS UNDER OFFICIAL COMMITTEE OF
### <u>UNSECURED CREDITORS' SECOND AMENDED PLAN OF LIQUIDATION</u>

Upon consideration of the *Motion to Extend The Plan Administrator's Time To Object To Claims Under Official Committee Of Unsecured Creditors' Second Amended Plan Of Liquidation* (the "<u>Motion</u>"),[1] pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1), seeking an extension of the Claim Objection Deadline through June 10, 2025, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and grant the relief requested in accordance with 28 U.S.C. §§157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409; and

The Plan Administrator having provided due and proper notice of the Motion to the Office of the United States Trustee and all persons or entities who filed a Notice of Appearance, and no further notice being necessary; and it appearing that the relief sought in the Motion is in the best interests of the estate, creditors and all parties in interest; and that the legal and factual bases set forth in the Motion establish just and sufficient cause for the relief requested herein;

**IT IS HEREBY ORDERED THAT**:

    1.     The Motion is granted to the extent set forth herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.      Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1) the Claim Objection Deadline is hereby extended through and including June 10, 2025.

3.      The extension granted in this Order is without prejudice to the Plan Administrator's right to seek further extensions of the Claim Objection Deadline.

4.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2025
New York, New York

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## Certificate of Service

I, Michelle McMahon, on November 19, 2024 I caused the foregoing Motion to be served via ECF on the parties registered for ECF notice and first class mail to those parties listed on the annexed service list.

 /s/ *Michelle McMahon*
Michelle McMahon

## SERVICE LIST

AGUILA, INC.
/o LORI LAPIN JONES PLLC
PLAN ADMINISTRATOR
98 CUTTER MILL RD, STE 255 SOUTH
GREAT NECK, NEW YORK 11021

FORD MOTOR CREDIT COMPANY LLC
SCHILLER, KNAPP, LEFKOWITZ &
HERTZEL, LL
15 CORNELL ROAD
LATHAM, NY 12110-2182

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

INTREPID GROUP, LLC
C/O ROMER DEBBAS, LLP
275 MADISON AVENUE, SUITE 801
NEW YORK, NY 10016-1153

1101 HOLDING LLC,
1056 BOYNTON AVENUE LLC,
ROMER DEBBAS, LLP
275 MADISON AVENUE
NEW YORK, NY 10016-1001
ATTN: STEVEN KIRKPATRICK

665 CAULDWELL, LLC
C/O JOSEPH A. MARIA, P.C.
301 OLD TARRYTOWN ROAD
WHITE PLAINS, NY 10603-2825

ALLIED UNIVERSAL SECURITY
SERVICES
33-10 QUEENS BLVD., STE. 300
LONG ISLAND CITY, NY 11101-2302

ALLIED UNIVERSAL SECURITY
SERVICES
C/O LAURIE MALLOY
33-10 QUEENS BLVD STE. 300
LONG ISLAND CITY, NY 11101-2302

AMERICREDIT FINANCIAL SERVICES
DBA GM FINANCIAL
PO BOX 183853
ARLINGTON TX 76096-3853

ATLANTIC TOMORROWS OFFICE
134 WEST 26TH STREET
NEW YORK, NY 10001-6803

BORRELL & RISO LLP
1500 HYLAN BLVD.
STATEN ISLAND, NY 10305-1938

BAKARY MAREGA AND DAHABA
MAREGA
504 EAST 178TH STREET, APT. 2A
BRONX, NY 10457

BAKARY MAREGA AND
DAHABA MAREGA
C/O EDELMAN, KRASIN & JAYE, PLLC
ATTN: SAL A. SPANO, ESQ.
ONE OLD COUNTRY ROAD
CARLE PLACE, NY 11514-1801

CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC
EAG/ BANKRUPTCY GROUP
4 IRVING PLACE 9TH FLOOR
NEW YORK 10003-3502

CARLOS LOJA
295 EAST 162ND STREET
BRONX, NY 10451-3441

WINDSTREAM
60 HUDSON STREET
NEW YORK, NY 10013-3315

CARLOS LOJA
C/O BISOGNO & MEYERSON, LLP
ATTN: GEORGE D. SILVA, ESQ.
7018 FORT HAMILTON PKWY.
BROOKLYN, NY 11228-1104

CARLOS LOJA
C/O WINGATE RUSSOTTI SHAPIRO
MOSES & HAL
420 LEXINGTON AVENUE, SUITE2700
NEW YORK, NY 10170-2607

CAULDWELL DEVELOPMENT, LLC
C/O JOSEPH A. MARIA, P.C.
301 OLD TARRYTOWN ROAD
WHITE PLAINS, NY 10603-2825

CHRISTINE CHEUNG
463 EAST 173RD STREET
BRONX, NY 10457-8105

CHRISTINE CHEUNG
C/O ZLOTOLOW & ASSOCIATES, P.C.
ATTN: SCOTT J. ZLOTOLOW, ESQ.
58 SOUTH SERVICE RD., STE 130
MELVILLE, NY 11747-2342

CLARITY BENEFIT SOLUTIONS
77 BRANT AVENUE, #206
CLARK, NJ 07066-1540

CLUSTER
C/O TALMAN TABAK
406 AVENUE F
BROOKLYN, NY 11218-5716

CORPORATION COUNSEL FOR THE
CITY OF NEW YORK
100 CHURCH STREET
NEW YORK, NY 10007-2668

DAVIDOFF HUTCHER & CITRON LLP
120 BLOOMINGDALE ROAD
WHITE PLAINS, NEW YORK 101601
ATTN: JAMES B. GLUCKSMAN, ESQ.
ATTN: ROBERT L. RATTET, ESQ.

DE LAGE LANDEN FINANCIAL
ATTN LITIGATION & RECOVERY
1111 OLD EAGLE SCHOOL ROAD
WAYNE PA 19087-1453

DELL FINANCIAL SERVICES
P O BOX 81577
AUSTIN TX 78708-1577

DELTA ELEVATOR
1536 ERICSON PLACE
BRONX, NY 10461-5415

ENRIQUE ENCARNACION
REBECCA FORTNEY
LAW OFFICE OF FRANK A. CETERO
510 SUNRISE HIGHWAY
WEST BABYLON, NY 11704-6039

ERIC HENBEST
C/O BORRELL & RISO, LLP
1500 HYLAN BLVD.
STATEN ISLAND, NY 10305-1938

FORD MOTOR CREDIT COMPANY
P O BOX 62180
COLORADO SPRINGS CO 80962-2180

FERRO, KUBA, MANGANO, SKYLAR,
P.C.
825 VETERANS HIGHWAY
HAUPPAUGE, NY 11788-3084

FORD MOTOR CREDIT COMPANY LLC
1 AMERICAN ROAD
DEARBORN, MI 48126-2701

FORD MOTOR CREDIT COMPANY LLC
C/O SCHILLER, KNAPP, LEFKOWITZ
& HERTZEL, LLP
15 CORNELL ROAD
LATHAM, NEW YORK 12110-1490

GARILENA DE LOS SANTOS
738/740 EAST 243RD ST., APT. 3B
BRONX, NY 10470

GARILENIA DE LOS SANTOS
C/O THE FITZGERALD LAW FIRM, P.C.
ATTN: JAMES P. FITZGERALD, ESQ.
538 RIVERDALE AVENUE
YONKERS, NY 10705-3535

GUARDIAN LIFE INSURANCE CO.
10 HUDSON YARDS
NEW YORK, NY 10001-2159

HAVANA EXPRESS
 CATERING SERVICES
815 HUTCHINSON RIVER PKWY.
BRONX, NY 10465-1887

IAN MULLER AND MELISSA MULLER
C/O CRAIG L. DAVIDOWITZ, P.C.
450 SEVENTH AVENUE, STE. 2701
NEW YORK, NY 10123-2701

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
OPERATIONS
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

INTREPID GROUP, LLC
C/O ROMER DEBBAS, LLP
275 MADISON AVENUE, SUITE 801
NEW YORK, NEW YORK 10016-1153

INTREPID GROUP, LLC
C/O ROMER DEBBAS, LLP
ATTN: JASON A GOODMAN, ESQ.
275 MADISON AVENUE, STE. 801
NEW YORK, NY 10016-1153

JAMES G. ATCHISON
DARROWEVERETT LLP
450 SEVENTH AVENUE
SUITE 1802
NEW YORK CITY, NY 10123-1893

JENNY RIVERA
530 THROGGS NECK EXPRESSWAY
BRONX, NY 10465-1759

LAMB INSURANCE SERVICES
370 LEXINGTON AVE SUITE 608
NEW YORK, NY 10017-6591

LIZA BAEZ
LAW OFFICES OF
 MICHAEL S. LAMONOFF, PLLC
ATTN: JERRY BLOOMFIELD, ESQ.
FINANCIAL SQUARE AT 32 OLD SLIP,
8TH FL.
NEW YORK, NY 10005

LUIS FIGUEROA
C/O FREKHTMAN & ASSOCIATES
ATTN: MICHAEL ROITMAN, ESQ.
60 BAY 26TH STREET
BROOKLYN, NY 11214-3906

MSA SECURITY
9 MURRARY STREET
NEW YORK, NY 10007-2223

MARTIN A. MOONEY, ESQ.
SCHILLER, KNAPP, LEFKOWITZ
 & HERTZEL, LL
15 CORNELL ROAD
LATHAM, NY 12110

METROPOLITAN
TELECOMMUNICATIONS
55 WATER STREET, 32ND FL.
NEW YORK, NY 10041-3299

NYC DEPARTMENT OF HOMELESS
SERVICES
150 GREENWICH STREET
NEW YORK, NY 10007-2366

NYC DEPT. OF HOMELESS SERVICES
33 BEAVER STREET, 17TH FL.
NEW YORK, NY 10004-2737

NYC LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007-2668

NYS DEPARTMENT OF LABOR
DIVISION OF LABOR ST
NYS DEPT OF LABOR - DIV OF LABOR
STANDAR
STATE OFFICE CAMPUS
BUILDING 12, ROOM 266A
ALBANY, NY 12240-0001

NYS DEPT. OF TAXATION & FINANCE
ATTN: OFFICE OF COUNSEL, BLDG. 9
W.A. HARRIMAN STATE CAMPUS
ALBANY, NY 12227-0001

NAQUANA MILLER
756 FOX STREET
BRONX, NY 10455-2002

NAQUANA MILLER
C/O LAW OFFICES OF ZEMSKY &
SALOMON, P.C
ATTN: MICHAEL L. SALOMON, ESQ.
33 FRONT STREET, STE. 207
HEMPSTEAD, NY 11550-3601

NEIGHBORHOOD ASSOCIATION FOR
INTER-CULTURAL AFFAIRS, INC.
(NAICA)
C/O DARROWEVERETT LLP
450 SEVENTH AVENUE, STE. 1802
NEW YORK, NY 10123

NEW YORK CITY DEPT. OF FINANCE
TAXPAYER IDENTIFICATION UNIT
25 ELM PLACE, 3RD FLOOR
BROOKLYN, NY 11201-5826

NEW YORK STATE TAX COMMISSION
BANKRUPTCY/SPECIAL PROCEDURES
SECTION
P.O. BOX 5300
ALBANY, NY 12205-0300

OXFORD HEALTH PLANS
ATTN: CDM/BANKRUPTCY
HARTFORD, CT 06103

OFFICE OF THE U.S. TRUSTEE
201 VARICK STREET, STE. 1006
NEW YORK, NY 10014-4811
ATTN: MARK BRUH

OFFICE OF THE
NY STATE ATTORNEY GENERAL
28 LIBERTY STREET
NEW YORK, NY 10005-1400

PARIS GYPARAKIS, ESQ.
ROSEN & ASSOCIATES, P.C.
747 THIRD AVENUE
NEW YORK, NY 10017-2850

PARK VIEW HOTEL
JARDIN CENTRAL PRE-ASSESSMENT
SHELTER
ATTN: JUSTIN PODOLSKY
55 WEST 110TH STREET
NEW YORK, NY 10026-4302

PARKVIEW HOTEL, LLC
C/O ROSEN & ASSOCIATES, P.C.
747 THIRD AVENUE
NEW YORK, NY 10017-2803

PAYLOCITY
1359 BROADWAY SUITE 808
NEW YORK, NY 10018-7727

ROSEN & ASSOCIATES, P.C.
747 THIRD AVENUE
NEW YORK, NY 10017-2803
ATTN: SANFORD P. ROSEN, ESQ.

REBECCA FORTNEY
LAW OFFICE OF FRANK A. CETERO
510 SUNRISE HIGHWAY
WEST BABYLON, NY 11704-6039

RENEE TURNER
C/O THE BRUMER LAW FIRM, P.C.
ATTN: MICHAEL BRUMER, ESQ.
600 WEST 246TH STREET, STE. 904
BRONX, NY 10471-3623

RUTH E. BLANCO
C/O ROSS & HILL
ATTN: ADAM HILL, ESQ.
16 COURT STREET, STE. 3500
BROOKLYN, NY 11241-1030

STAPLES / TOM RIGGLEMAN
7 TECHNOLOGY CIRCLE
COLUMBIA, SC 29203-9591

SHIRLEY PERALES
868 EAST 95TH STREET
BROOKLYN, NY 11236-2006

SHIRLEY PERALES
C/O SHAKHNEVICH LAW GROUP, P.C.
ATTN: STEVEN SHAKHNEVICH, ESQ.
1733 SHEEPSHEAD BAY RD., STE. 45
BROOKLYN, NY 11235-3742

SMITH CAIRNS FORD, INC.
900 CENTRAL PARK AVE.
YONKERS, NY 10704-1042

STEPHANIE SANCHEZ
1056 BOYNTON AVENUE, APT. 4F
BRONX, NY 10472-5805

STEPHANIE SANCHEZ
C/O WILLIAM SCHWITZER &
ASSOCIATES, P.C.
ATTN: JOHN C. MERLINO, ESQ.
820 SECOND AVENUE, 10TH FL.
NEW YORK, NY 10017-4542

STEVEN KIRKPATRICK
ROMER DEBBAS LLP
275 MADISON AVENUE, SUITE 801
NEW YORK, NY 10016-1153

THE LAW OFFICES OF MICHAEL S.
LAMONSOFF, PLL
FINANCIAL SQUARE AT 32 OLD SLIP
8TH FLOOR
NEW YORK, NY 10005

TIME WARNER CABLE
400 ATLANTIC STREET
STAMFORD, CT 06901-3512

MAURICE WUTSCHER LLP
ALAN C. HOCHHEISER
23611 CHAGRIN BLVD. SUITE 207
BEACHWOOD, OH 44122

VERIZON
42 ST. BRYANT PARK STATION
NEW YORK, NY 10018

VETERAN HOSPITALITY LLC
C/O ROSEN & ASSOCIATES, P.C.
747 THIRD AVENUE
NEW YORK, NY 10017-2803

VONAGE BUSINESS
23 MAIN STREET
HOLMDEL, NJ 07733-2136

WE CARE HOUSING SERVICE, LLC
C/O ROSEN & ASSOCIATES, P.C.
747 THIRD AVENUE
NEW YORK, NY 10017-2803

WE CARE HOUSING SERVICES LLC
C/O ALBERT FAKS
55 WEST 110TH STREET
NEW YORK, NY 10026-4302

WESTCHESTER AVE CW & LUBE INC.
1440 WESTCHESTER AVE
BRONX, NY 10472-2930

XAVIER HERNANDEZ
1056 BOYNTON AVENUE, APT. 2A
BRONX, NY 10472-5805

XAVIER HERNANDEZ
C/O DANSKER & ASPROMONTE
ASSOCIATES
ATTN: SALVATORE ASPROMONTE,
ESQ.
30 VESEY STREET, 16TH FL.
NEW YORK, NY 10007-3375

ZLOTOLOW & ASSOCIATES, P.C.
58 SOUTH SERVICE ROAD, SUITE 130
MELVILLE, NY 11747
JASON S. FIRESTEIN, ESQ.

ALLA KACHAN, ESQ.
LAW OFFICES OF ALLA KACHAN, P.C.
2799 CONEY ISLAND AVENUE, STE 202
BROOKLYN, NY 11235